IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CAPITAL GROUP, INC.,<br><br>Defendant. | No. CV: _____<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

Plaintiffs, Michael S. Mapes, Milton Petersen IV, Brian Leichner, David Mohr and David Stading (collectively "Plaintiffs"), as and for their Complaint against Wellington Capital Group, Inc., hereby state and allege as follows:

## JURISDICTION AND PARTIES

1. Michael S. Mapes ("Mapes") is an individual who resides in the State of Nebraska and is a citizen of the State of Nebraska.

2. Milton Petersen IV ("Petersen") is an individual who resides in the State of Nebraska and is a citizen of the State of Nebraska.

3. Brian Leichner ("Leichner") is an individual who resides in the State of Nebraska and is a citizen of the State of Nebraska.

4. David Mohr ("Mohr") is an individual who resides in the State of Nebraska and is a citizen of the State of Nebraska.

4826-0391-8593.1

5. David Stading ("Stading") is an individual who resides in the State of Nebraska and is a citizen of the State of Nebraska.

6. Upon information and belief, Wellington Capital Group, Inc. ("Wellington") is a corporation incorporated under the laws of the State of Nevada and maintains its principal place of business in a State other than the State of Nebraska.

7. This is an action for breach of contract under that certain Security and Pledge Agreement dated July 13, 2006 ("Pledge Agreement"), a copy of which is attached hereto as Exhibit "A" and by this reference incorporated herein.

8. This is also an action for breach and default of the following five Promissory Notes, each of which are dated July 13, 2006:

(a) Promissory Note by Wellington to Michael S. Mapes in the original principal amount of $1,228,950 ("Mapes Promissory Note"), which is attached hereto as Exhibit "B" and by this reference incorporated herein;

(b) Promissory Note by Wellington to Milton Petersen IV in the original principal amount of $789,300 ("Petersen Promissory Note"), which is attached hereto as Exhibit "C" and by this reference incorporated herein;

(c) Promissory Note by Wellington to David Mohr in the original principal amount of $90,000 ("Mohr Promissory Note"), which is attached hereto as Exhibit "D" and by this reference incorporated herein;

(d) Promissory Note by Wellington to Brian Leichner in the original principal amount of $51,750 ("Leichner Promissory Note"), which is attached hereto as Exhibit "E" and by this reference incorporated herein; and

(e) Promissory Note by Wellington to David Stading in the original principal amount of $90,000 ("Stading Promissory Note"), which is attached hereto as Exhibit "F" and by this reference incorporated herein.

9. This is also an action for declaratory judgment under 28 U.S.C. §§ 2201 et. seq. with respect to the Pledge Agreement and the five Promissory Notes referenced above.

10. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Venue is proper in this District under 28 U.S.C. § 1391(a). This Court has personal jurisdiction over the Defendant in that the most significant part of the transactions which are the subject of the Pledge Agreement and Promissory Notes took place in the State of Nebraska and the Defendant submitted to the jurisdiction of this Court pursuant to the Pledge Agreement.

11. On or about July 13, 2006, Wellington agreed to purchase from Plaintiffs, and Plaintiffs agreed to sell to Wellington, all of the capital stock of Alliance Compensation and Benefits Group, Inc. ("Alliance 1"), the Alliance Group, Inc. ("Alliance 2"), Alliance Worksite, Inc. ("Alliance 3") and Alliance Worldwide, Inc. ("Alliance 4") (Alliance 1 through 4 are hereinafter referred to collectively as the "Alliance Companies").

12. In consideration for the sale and transfer of said capital stock, Wellington agreed to purchase from each of the sellers all of their capital stock in the Alliance Companies for the aggregate purchase price of $4,500,000.  Fifty percent of the purchase price was paid in immediately available funds at the Closing.  The balance of the purchase price was represented by the five Promissory Notes referenced above.

4826-0391-8593.1                                    3

13. In order to secure the payment of the indebtedness owing from Wellington to each of the sellers, including indebtedness due and owing under the Pledge Agreement and the five Promissory Notes referenced above, Wellington pledged and granted to each of the Plaintiffs a security interest in the collateral described in the Pledge Agreement, including, but not limited to, all of the capital stock of the Alliance Companies.

14. Wellington is in breach and default of the Pledge Agreement and is in breach and default of each of the five Promissory Notes described above in at least the following respects:

(a) Wellington has failed to pay when due the amounts due and owing under the five Promissory Notes referenced above, including its failure to pay principal and interest due thereon.

(b) Wellington failed to preserve the value of the Alliance Companies and of the other collateral provided by Wellington to each of the Plaintiffs under the Pledge Agreement.

(c) Wellington has failed to cooperate with each of the Plaintiffs as it is required to do under the Pledge Agreement.

(d) Wellington has taken actions to terminate existing Alliance customer contracts and induce those customers to establish relationships with entities other than the Alliance Companies, all to the detriment of each of the Plaintiffs and to the benefit of Wellington.

(e) Wellington has improperly withdrawn cash and other liquid assets from the Alliance Companies' accounts, all to the detriment of the Alliance Companies and to the collateral which is the subject of the Pledge Agreement.

(f) Wellington has eliminated the accounts payable function of the Alliance Companies, all to the detriment of the Alliance Companies and to the collateral which is the subject of the Pledge Agreement.

(g) Wellington has failed to operate the business of the Alliance Companies in accordance with sound business practices, including, but not limited to, failing to maintain necessary workmen's compensation insurance coverages.

(h) Wellington has failed to provide financial information with respect to the Alliance Companies to the Plaintiffs as Wellington is required to do and notwithstanding repeated demands to do so by the Plaintiffs.

15. Plaintiffs have complied with all of the terms and conditions of the Pledge Agreement and Promissory Notes. Wellington has breached and defaulted under the terms and conditions of the Pledge Agreement and each of the five Promissory Notes.

16. Plaintiffs have provided written notice of said breaches and defaults to Wellington, a copy of which is attached hereto as Exhibit "G" and by this reference incorporated herein.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiffs hereby incorporate by reference Paragraphs 1 through 16 above.

18. Each of the Plaintiffs has complied with all of the terms and conditions of the Pledge Agreement and the Promissory Notes, and has satisfied all conditions and is entitled to all sums due and owing under the Promissory Notes, together with pre-judgment interest, post-judgment interest and costs. Each of the Plaintiffs is also entitled to all damages sustained as a result of Wellington's breach and defaults under the Pledge Agreement and the Promissory Notes.

19. Wellington has breached the terms and conditions of the Pledge Agreement and each of the five Promissory Notes and has failed to comply with the terms and conditions of the above-referenced written contract and instruments and has damaged each of the Plaintiffs in an amount not less than the principal balance due and owing under the Promissory Notes, together with pre-judgment and post-judgment interest, as well as all costs and damages sustained by each of the Plaintiffs as a result of Wellington's conduct.

20. As a result of the breach and defaults described above, each of the Plaintiffs is entitled to all of the remedies afforded to them under the Pledge Agreement, Promissory Notes and Nebraska law, which remedies include:

(a) The right to declare all indebtedness (which includes attorneys' fees related to enforcement action) immediately due and payable;

(b) The right to exercise the assignment of the pledged stock, including, but not limited to, all of the capital stock of the Alliance Companies; and

(c) The right to assume all ownership and rights of control over the pledged stock, including all of the capital stock of the Alliance Companies and all other collateral described under the Pledge Agreement.

## COUNT II
## DECLARATORY JUDGMENT

21. Plaintiffs hereby incorporate by reference Paragraphs 1 through 20 above.

22. Pursuant to the Pledge Agreement and due to Wellington's default and breach thereof, Plaintiffs are hereby entitled to all right, title and interest in and to the capital stock of the Alliance Companies, together with all of the rights and benefits pertaining thereto, including the voting rights and the rights to manage and direct all of the affairs of the Alliance Companies. As a result of Wellington's conduct, all rights of Wellington with respect to the capital stock of

the Alliance Companies have ceased and have been extinguished automatically and without further notice from Plaintiffs.  All such rights with respect to the capital stock in and to the Alliance Companies have become vested in Plaintiffs and Plaintiffs have the sole right to exercise voting and other stockholder rights relating thereto.

23.     As a result of Wellington's conduct, Plaintiffs are entitled to a declaration of rights by this Court under the Pledge Agreement and under the five Promissory Notes referenced above and are entitled to full and unfettered right to operate the Alliance Companies' businesses without any interference or disruption by Wellington or any of its employees, agents and/or representatives.

24.     Plaintiffs are entitled to a declaration of their rights under the Pledge Agreement and the five Promissory Notes and an order from this Court confirming that they own all right, title and interest in and to the capital stock of the Alliance Companies and that Wellington and its employees, officers, directors, shareholders and agents are required to cooperate with Plaintiffs in realizing on its collateral, including the capital stock of the Alliance Companies, and that all third parties, including employees, customers, suppliers, financial institutions and others, shall recognize Plaintiffs as true and rightful owners of all right, title and interest in and to the capital stock of the Alliance Companies and accordingly authorized to manage and direct the business affairs of the Alliance Companies.

WHEREFORE, each of the Plaintiffs prays for judgment against Wellington as follows:

(a)     For a judgment and order that Wellington has failed to comply with the terms and conditions of the Pledge Agreement and each of the five Promissory Notes referenced above and is in breach and default of the Pledge Agreement and five Promissory Notes.

(b) For a judgment and order that all indebtedness, including attorneys' fees related to the enforcement action, represented by the five Promissory Notes and which is the subject of the Pledge Agreement is immediately due and payable to the Plaintiffs.

(c) For a judgment and order that Plaintiffs own all right, title and interest in and to the capital stock which is the subject of the Pledge Agreement, including all of the capital stock of the Alliance Companies.

(d) For a judgment and order that the Plaintiffs can assume all ownership and rights of control over the capital stock of the Alliance Companies and all other collateral described in the Pledge Agreement.

(e) For a judgment and order that accelerates the payment of all indebtedness due and owing under the five Promissory Notes and which are the subject of the Pledge Agreement, including all attorneys' fees incurred in connection with enforcement actions.

(f) For a judgment and order declaring that Plaintiffs have the rights described above, including the rights with respect to the capital stock of the Alliance Companies, and can control all of the business and affairs of the Alliance Companies.

(g) For a judgment and order requiring Wellington and its employees, officers, directors, shareholders, agents and representatives to cooperate with each of the Plaintiffs to provide such financial information and business information and records relating thereto as Plaintiffs shall require.

(h) For a judgment and order that each of the Plaintiffs has satisfied all of their obligations under the Pledge Agreement and the five Promissory Notes and that there are no further obligations owing by Plaintiffs to Wellington with respect to same, including with respect to the capital stock of the Alliance Companies.

    (i)    For an award of damages against Wellington in an amount not less than the principal and accrued interest due and owing by Wellington under the five Promissory Notes, together with any and all costs of collection therefor.

    (j)    For an award of damages against Wellington in an amount not less than any and all damages the Plaintiffs have sustained as a result of the conduct of Wellington.

    (k)    For a judgment and order declaring that the Plaintiffs own all of the capital stock of the Alliance companies and are entitled to exercise all rights with respect thereto free of any interference from Wellington.

    (l)    For a judgment and order declaring that Plaintiffs have a security interest in all of the collateral which is the subject of the Pledge Agreement and are entitled to pursue all of their remedies by virtue of the Pledge Agreement, including, but not limited to, exercising full rights and authorities with respect to the capital stock of the Alliance Companies and otherwise operating the business of the Alliance companies without interference from Wellington.

    (m)    For such injunctive relief as Plaintiffs may require in order to effectuate the foregoing, including, if necessary, a temporary restraining order, preliminary injunction and/or permanent injunction enjoining Wellington, its officers, agents, servants, employees and attorneys, and upon all those persons in active concert or participation with Wellington from interfering with the rights of Plaintiffs and from otherwise frustrating Plaintiffs' ability to own the capital stock of the Alliance Companies and operate their businesses in the ordinary course.

    (n)    For such other and further relief as the Court deems just under these circumstances.

Dated this 19th day of February, 2007.

        MICHAEL S. MAPES, MILTON
        PETERSEN IV, BRIAN LEICHNER,
        DAVID MOHR AND DAVID STADING,
        Plaintiffs

By:    s/ John P. Passarelli
     John P. Passarelli #16018
     James M. Sulentic #19610
     Kutak Rock LLP
     The Omaha Building
     1650 Farnam Street
     Omaha, NE  68102-2186
     (402) 346-6000

**PLACE OF TRIAL**

Plaintiffs request trial of this case in Omaha, Nebraska.

        MICHAEL S. MAPES, MILTON
        PETERSEN IV, BRIAN LEICHNER,
        DAVID MOHR AND DAVID STADING,
        Plaintiffs

By:    s/ John P. Passarelli
     John P. Passarelli #16018
     James M. Sulentic #19610
     Kutak Rock LLP
     The Omaha Building
     1650 Farnam Street
     Omaha, NE  68102-2186
     (402) 346-6000