IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CAPITAL GROUP, INC.,<br><br>Defendant. | No. 8:07-CV-77<br><br>**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO WELLINGTON CAPITAL GROUP, INC.** |

TO: DEFENDANT WELLINGTON CAPITAL GROUP, INC., BY AND THROUGH ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Michael S. Mapes, Milton Petersen IV, Brian Leichner, David Mohr and David Stading ("Plaintiffs") will take the deposition of Wellington Capital Group, Inc. ("Defendant"), by and through its corporate representative(s), at the offices of Kutak Rock LLP, 222 South 15th Street, Omaha, Nebraska, commencing at 9:00 a.m. on June 12, 2007. The deposition will continue from day to day until completed, unless counsel otherwise agree. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition will be recorded stenographically and by videotape. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

4837-4772-9409.1

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is obligated to designate one or more of its officers, directors or managing agents and/or one or more other persons who consent to testify on its behalf concerning the topics set forth in the attached Appendix A. Defendant is requested to identify in advance the person(s) who will testify and the topics identified in Appendix A upon which each person(s) will testify. Plaintiffs specifically reserve their right to reconvene the deposition at a later time to obtain testimony from Defendant regarding additional topics that are not specifically identified in Appendix A.

You are invited to attend and exercise your rights under the Rules.

DATED this 11th day of October, 2007.

                                          MICHAEL S. MAPES, MILTON
                                          PETERSEN IV, BRIAN LEICHNER,
                                          DAVID MOHR and DAVID STADING,
                                          Plaintiffs

                              By    s/ John P. Passarelli
                                    John P. Passarelli #16018
                                    James M. Sulentic #19610
                                    Kutak Rock LLP
                                    The Omaha Building
                                    1650 Farnam Street
                                    Omaha, NE  68102-2186
                                    (402) 346-6000

## APPENDIX A

## DEFINITIONS

For the purposes hereof, the following definitions shall apply:

1. The terms "writings," "recordings" or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all nonidentical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, daytimers, calendars, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; worldwide web and/or Internet postings; trade letters, notices and announcements and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, breadboards, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electromagnetic or other disks, diskettes, hard disk drives, tapes, cartridges and CD-ROM, including, but not limited to, software, firmware, source code, all code listings, including comments, code files and electronic mail; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence. The terms "writings," "recordings" or "documents" refer to all writings, recordings or documents of which Defendant has knowledge

and all writings which are in the possession, custody or control of Defendant, its agents, attorneys, officers, employees or other representatives.

2.      "Wellington Capital Group, Inc.," "Wellington Capital," "you," "your" and/or "yourself" refer to Defendant Wellington Capital Group, Inc. as well as any predecessors, successors, subsidiaries, affiliates, segments or divisions thereof, any present or former members of its Board of Directors, any present of former officers, employees, agents, representatives, attorneys, accountants or other persons acting or purporting to act on its behalf.

3.      "Alliance Companies" means one or more of the following entities: Alliance Compensation and Benefits Group, Inc., Alliance Group, Inc., Alliance Worldwide, Inc. and Alliance Worksite, Inc.

4.      "Person" or "Persons" means, unless otherwise specified, any human being, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of business organization or arrangement, government or government agency of every nature and type.

5.      "Employee" means any present employee or former employee of a person.

6.      "Communication" refers to any oral or written transmittal and/or receipt of words or information, whether such was by chance, prearranged, formal or informal, and specifically includes, without limitation, notices of conversations in person, telephone conversations, faxes, telexes, telegrams, electronic mail, letters, reports or memoranda, formal statements and press releases and media publications. References to communications with business entities shall be deemed to include present and former officers, directors, employees, agents, attorneys or other representatives of such entities.

7. "Concerning" shall mean, as appropriate in the context to generate and cause the broadest response, referring to, describing, discussing, relating to, constituting, comprising, supporting and/or evidencing.

8. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. "All" and "any" shall be construed to mean both any and all as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. Use of the singular shall also be construed as the plural and vice versa.

## TOPICS OF EXAMINATION

11. The facts that support Counterclaimant's breach of contract claim (Count I).

12. The facts that support Counterclaimant's tortious interference with a business relationship claim (Count II).

13. The facts that support Counterclaimant's breach of duty of good faith and fair dealing claim (Count III).

14. The facts that support Counterclaimant's fraud claim (Count IV), including, but not limited to, the alleged fraudulent representations described in Paragraph 39 of the Answer and Counterclaim.

15. The facts that support Counterclaimant's conversion claim (Count VI).

16. The basis for the rescission remedy sought under Count VII.

17. The basis for the declaratory judgment remedy sought under Count VIII.

18. The relationship between Wellington Capital Group, Inc. and Richard Berman, Mirabilis Ventures, PaySource, Frank Amodeo and/or Robert Sacco.

19. The payments made by Wellington pursuant to the Promissory Notes and/or Pledge Agreement referenced in Plaintiffs' Complaint.

20. The facts that support Counterclaimant's affirmative defenses asserted in Paragraphs 26 through 37 of the Answer and Counterclaim.

21. The preservation and retention of Defendant's business records, including books, financial statements, files and written documents and electronic records relating to the foregoing topics.

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael J. Mooney
Elizabeth M. Callaghan
Gross & Welch, P.C., L.L.O.
Suite 1500
2120 South 72nd Street
Omaha, NE  68124

                  s/ John P. Passarelli
                  John P. Passarelli
                  Kutak Rock LLP
                  The Omaha Building
                  1650 Farnam Street
                  Omaha, NE  68102-2186
                  (402) 346-6000