**Passarelli, John P.**

---

| | |
|---|---|
| **From:** | Callaghan, Elizabeth [ecallaghan@grosswelch.com] |
| **Sent:** | Monday, November 12, 2007 2:33 PM |
| **To:** | Passarelli, John P. |
| **Cc:** | Mooney, Robert; Mooney, Michael; Sulentic, James M. |
| **Subject:** | RE: Mapes v. Wellington mediation |

John,

This morning, I confirmed that Frank Amodeo will be attending the mediation. Aaron Bates, however, is going to leave the lawyering aspect of this up to our team. I was also able to confirm that the 20th works for Frank. Because nothing can be that easy, however, Wayne Mark informed me this morning that he just agreed to participate in a mediation on December 20th, so we have lost that date. I am waiting to hear back as to whether the 6th will work for Frank. I know you preferred the 20th so as to give everyone time to exchange documents; that being said, I believe we will still be able to exchange documents in advance of the mediation, and agree that the same would be a prerequisite to a productive mediation. If the mediation does not succeed, Wellington will agree to schedule the deposition 30 days out from there. Finally, with regard to the mediation fees, Wayne stated that he "would guess that the total cost of the mediation and preparation would not exceed $5000 or $2500 per party."

I will get back to you when I know more. Thanks,

E.

Elizabeth M. Callaghan

Gross & Welch, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
Phone (402) 392-1500
Fax (402) 392-8101
ecallaghan@grosswelch.com

CONFIDENTIALITY NOTICE: This message, along with any attachments, is from the law firm of Gross & Welch, P.C., L.L.O. and contains information which may be confidential and legally privileged. If you have received this message in error, you are strictly prohibited from reading it and from disclosing or using its contents in any manner, and you should immediately reply to the sender and delete it. The unauthorized disclosure or use of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.

---

**From:** Passarelli, John P. [mailto:John.Passarelli@KutakRock.com]
**Sent:** Monday, November 12, 2007 7:48 AM
**To:** Callaghan, Elizabeth
**Cc:** Sulentic, James M.
**Subject:** RE: Mapes v. Wellington mediation



EXHIBIT

*A*

The 6th and the 20th work Elizabeth but I suggest we go with the 20th and commit to exchange documents in advance of the mediation (by the 15th). That would be required to make the mediation productive. Otherwise my client believes it is a waste of time and money and I have to agree with them. Can you confirm that Frank Amodeo and Aaron Bates will be in attendance? We probably should get an estimate of Wayne's fees so the client knows what that cost will be. I would also like to fix the date of the deposition. If the mediation does not work I do not want a lot of time to pass before the deposition proceeds forward. We could shoot for something in the later part

of December or early January. If the mediation works great, if it does not I want to move with the deposition and I am afraid of more delay if we wait until December 20th to find dates. I look forward to hearing from you. Thank you.

**From:** Callaghan, Elizabeth [mailto:ecallaghan@grosswelch.com]
**Sent:** Thursday, November 08, 2007 10:15 AM
**To:** Passarelli, John P.; Sulentic, James M.
**Subject:** Mapes v. Wellington mediation

Hey guys,
I talked to Wayne Mark yesterday, and he would be interested in serving as our mediator, subject to a conflicts check. He has the following dates available in December: 6th, 10th, 19th, or 20th. Those dates work for our office, but I have not pinned that down with the Florida people yet. In the meantime, I wanted to let you both know the dates we are looking at. Please let me know if any of those dates can be ruled out so that we can get this scheduled. Thanks,
Elizabeth


## ELIZABETH M. CALLAGHAN

Gross & Welch, P.C. L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
Phone (402) 392-1500
Fax    (402) 392-8101
ecallaghan@grosswelch.com


CONFIDENTIALITY NOTICE: This message, along with any attachments, is from the law firm of Gross & Welch, P.C., L.L.O. and contains information which may be confidential and legally privileged. If you have received this message in error, you are strictly prohibited from reading it and from disclosing or using its contents in any manner, and you should immediately reply to the sender and delete it. The unauthorized disclosure or use of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.


ANY FEDERAL TAX ADVICE CONTAINED IN THIS MESSAGE SHOULD NOT BE USED OR REFERRED TO IN THE PROMOTING, MARKETING OR RECOMMENDING OF ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT, AND SUCH ADVICE IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY A TAXPAYER FOR THE PURPOSE OF AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE.


This E-mail message is confidential, is intended only for the named recipient(s) above and may contain information
that is privileged, attorney work product or otherwise protected by applicable law. If you have received this
message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

**Passarelli, John P.**
_____

| | |
|---|---|
| **From:** | Callaghan, Elizabeth [ecallaghan@grosswelch.com] |
| **Sent:** | Wednesday, November 14, 2007 5:16 PM |
| **To:** | Passarelli, John P.; Sulentic, James M. |
| **Cc:** | Mooney, Robert; Mooney, Michael; Aaron Bates |
| **Subject:** | Mapes v. Wellington mediation |

Gentlemen:

Mark your calendars: I have confirmed with Wayne that he is available for mediation of this matter on December 18, 2007, and have let him know that the attorneys, Michael Mapes, and Frank Amodeo all have that date available as well. Wayne will be sending out a letter to G&W and Kutak confirming the date and outlining his mediation policies and procedures. Can we agree to exchange documents 5 days before the mediation, or by December 13, 2007? Please let us know. Thanks,

ELIZABETH M. CALLAGHAN

Gross & Welch, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE  68124
Phone  (402) 392-1500
Fax      (402) 392-8101
ecallaghan@grosswelch.com

CONFIDENTIALITY NOTICE:  This message, along with any attachments, is from the law firm of Gross & Welch, P.C., L.L.O. and contains information which may be confidential and legally privileged. If you have received this message in error, you are strictly prohibited from reading it and from disclosing or using its contents in any manner, and you should immediately reply to the sender and delete it. The unauthorized disclosure or use of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.



# KUTAK ROCK LLP

**THE OMAHA BUILDING**
**1650 FARNAM STREET**
**OMAHA, NEBRASKA 68102-2186**

**402-346-6000**
**FACSIMILE 402-346-1148**

**www.kutakrock.com**

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
OKLAHOMA CITY
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

JOHN P. PASSARELLI
john.passarelli@kutakrock.com
(402) 346-6000

December 11, 2007

**VIA E-MAIL**

Mr. Wayne J. Mark
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102-2663

      Re:    *Mediation - Mapes, et al v. Wellington Capital Group, Inc.*

Dear Wayne:

      I just wanted to apprise you of the fact that Mike Mapes will be attending the mediation and will be the representative for Messrs. Petersen, Leichner, Mohr and Stading. We understand that Frank Amodeo will be representing Wellington. We believe these two representatives are the two most critical in terms of reaching a resolution in this dispute. I just wanted to make sure there is no misunderstanding as to who will be participating in the mediation.

      Please let me know if you have any questions concerning the foregoing.

      Sincerely,

      *John Passarelli/slm*
      John P. Passarelli

slm

cc:    Michael J. Mooney
      Robert A. Mooney
      Elizabeth M. Callaghan

4829-2463-5138.1



EXHIBIT

C

## Mullennax, Shari L.

**From:** Passarelli, John P.
**Sent:** Wednesday, December 12, 2007 11:07 AM
**To:** 'MARK, WAYNE'
**Cc:** mmooney@grosswelch.com; rmooney@grosswelch.com; Callaghan, Elizabeth
**Subject:** RE: Mapes, et al v. Wellington Capital Group

Thank you Wayne. I personally think the two critical representatives that need to be there to have an effective mediation in this case are Frank Amodeo and Mike Mapes. I just wanted all of us on the same page. Mike will have the authority to settle the matter for all named plaintiffs.

Thank you for assisting us in mediating this dispute.

---

**From:** MARK, WAYNE [mailto:WMARK@FraserStryker.com]
**Sent:** Tuesday, December 11, 2007 3:23 PM
**To:** Mullennax, Shari L.; MARK, WAYNE
**Cc:** mmooney@grosswelch.com; rmooney@grosswelch.com; Callaghan, Elizabeth; Passarelli, John P.
**Subject:** RE: Mapes, et al v. Wellington Capital Group

So long as you all are comfortable with this and the people attending have the authority to speak for all clients I am fine with this.

-----Original Message-----
From: Mullennax, Shari L. [mailto:Shari.Mullennax@KutakRock.com]
Sent: Tuesday, December 11, 2007 11:08 AM
To: wmark@fraserstryker.com
Cc: mmooney@grosswelch.com; rmooney@grosswelch.com; Callaghan, Elizabeth; Passarelli, John P.
Subject: Mapes, et al v. Wellington Capital Group


Mr. Mark,

Please see the attached letter from John Passarelli.

 <<DOC20071211110604.pdf>>
Shari Mullennax
Legal Assistant to John Passarelli,
Stephen Pedersen & Sara English

Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
Phone No.: (402) 231-8906
Fax No.: (402) 346-1148



######################################################################################
ANY FEDERAL TAX ADVICE CONTAINED IN THIS MESSAGE SHOULD NOT BE USED OR REFERRED TO IN THE PROMOTIN
MARKETING OR
RECOMMENDING OF ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT, AND SUCH ADVICE IS NOT INTENDED OR
WRITTEN TO BE USED,
AND CANNOT BE USED, BY A TAXPAYER FOR THE PURPOSE OF AVOIDING PENALTIES UNDER THE INTERNAL REVENUE
CODE.

##################################################################################
This E-mail message is confidential, is intended only for the named recipient(s) above and may contain information
that is privileged, attorney work product or otherwise protected by applicable law. If you have received this
message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.
##################################################################################

## Passarelli, John P.

**From:** Passarelli, John P.
**Sent:** Tuesday, December 18, 2007 8:26 AM
**To:** MARK, WAYNE
**Cc:** Aaron Bates; Callaghan, Elizabeth; Sulentic, James M.
**Subject:** RE: Wellington mediation statement

Wayne, you should be aware that our clients will be very disappointed but unfortunately not surprised by Mr. Amodeo's last minute cancellation. The mediation was specifically scheduled so that Mr. Amodeo could attend given his involvement and knowledge of the transactions at issue. We obtained assurances that Mr. Amodeo would attend. As recently as last week I asked defense counsel and was assured Mr. Amodeo was attending. We will be interested in learning of Mr. Mokwa's relationship with Mirabilis and Wellington and his knowledge concerning the facts of this dispute. Our disappointment should in no way be attributed to defense counsel for whom we have a lot of respect. We look forward to mediating this dispute in good faith.

**From:** Callaghan, Elizabeth [mailto:ecallaghan@grosswelch.com]
**Sent:** Monday, December 17, 2007 2:47 PM
**To:** MARK, WAYNE
**Cc:** Passarelli, John P.; Sulentic, James M.; Aaron Bates
**Subject:** Wellington mediation statement

Wayne,
Attached please find Wellington's mediation submission. We look forward to working towards a resolution of this matter with you tomorrow. Thank you,

## ELIZABETH M. CALLAGHAN

Gross & Welch, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
Phone (402) 392-1500
Fax (402) 392-8101
ecallaghan@grosswelch.com

CONFIDENTIALITY NOTICE: This message, along with any attachments, is from the law firm of Gross & Welch, P.C., L.L.O. and contains information which may be confidential and legally privileged. If you have received this message in error, you are strictly prohibited from reading it and from disclosing or using its contents in any manner, and you should immediately reply to the sender and delete it. The unauthorized disclosure or use of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.



```
 1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
 2
     MICHAEL S. MAPES, MILTON        )   NO.
 3   PETERSEN IV, BRIAN LEICHNER,    )   8:07-CV-77
     DAVID MOHR and DAVID STADING,   )
 4                                   )
                     Plaintiffs,     )
 5                                   )
          v.                         )
 6                                   )
     WELLINGTON CAPITAL GROUP,       )
 7   INC.,                           )   TAKEN ON
                                     )   BEHALF OF
 8                   Defendant.      )   PLAINTIFFS

 9

10   APPEARANCES:

11   Mr. John Passarelli        For Plaintiffs
     Attorney at Law
12   KUTAK ROCK
     1650 Farnam Street
13   Omaha, Nebraska 68102

14   Mr. Robert Mooney          For Defendant
     Ms. Elizabeth Callaghan
15   Attorneys at Law
     GROSS & WELCH
16   2120 South 72nd Street
     1500 Omaha Tower
17   Omaha, Nebraska 68124

18   Also Present:  Michael Mapes

19

20

21

22            30(b)(6) DEPOSITION OF JAY STOLLENWERK

23   taken at 8:07 a.m., on February 6, 2008, by

24   Jessica Pote, RPR, CCR, CSR, taken at 2120 South

25   72nd Street, 1500 Omaha Tower, Omaha, Nebraska.
```

**EXHIBIT**

F

DIRECT - STOLLENWERK (Passarelli)                          30

1        A.    I don't recall the equity number.  I

2    believe there was positive equity, but I don't

3    recall the assets that were listed on the balance

4    sheet to say what they were.

5        Q.    Is that something that at a break you

6    might be able to phone and have e-mailed to your

7    counsel so that we can examine you?  I want to

8    avoid having to reexamine you.

9              MR. MOONEY:  Sure.  We can sure try.

10             THE WITNESS:  Sure.

11             MR. MOONEY:  I'll make a phone call

12   to Aaron Bates.

13   BY MR. PASSARELLI:

14       Q.    Now, I understand Wellington Capital

15   was incorporated in Nevada in approximately '03,

16   is that your --

17       A.    Well, that predates me, but that

18   sounds correct.

19       Q.    And I want to make sure that from the

20   period of its incorporation to today, as far as

21   you know, the only shareholder has been Frank

22   Amodeo?

23       A.    That's my understanding, yes.

24       Q.    The only officer has been Frank

25   Amodeo?

1        A.    Yes.

2        Q.    The only director during that time

3   period is Frank Amodeo?

4        A.    Yes.

5        Q.    And the only employee during that '03

6   to '08 period of Wellington Capital has been

7   Frank Amodeo?

8        A.    Yes.  However, as far as employees,

9   my understanding is Frank may have employed

10  people during certain time periods depending on

11  what business activities Wellington was engaged

12  in.  For instance, it's my belief, but I don't

13  have a document to show that, I believe Marty

14  Flynn prior to being tasked with Common

15  Paymaster, I believe he probably was paid out of

16  Wellington Capital for some time period as they

17  were purchasing distressed companies.

18       Q.    Are you aware of anybody other than

19  Mr. Amodeo and Mr. Flynn that had any

20  responsibilities with Wellington Capital during

21  the '03 to '08 time period?

22       A.    I don't know the answer.  Before I

23  was employed, it's possible that Shane Williams

24  or just a handful of others were paid out of

25  Wellington for some time period.

DIRECT - STOLLENWERK (Passarelli)                              32

1        Q.      Possible, but you're not sure?

2        A.      Correct.

3        Q.      It's fair to say that Mr. Amodeo was

4    the chief decisionmaker for Wellington Capital

5    during the '03 to '08 period?

6        A.      Absolutely.

7                MR. MOONEY:  Interpose a foundation

8    objection to the extent you know, you --

9                THE WITNESS:  Thank you.

10   BY MR. PASSARELLI:

11       Q.      And you -- as you sit here today,

12   what do you recall about any balance sheet of

13   Wellington Capital other than what you've

14   described earlier today?

15       A.      Wellington at one point held tax

16   liabilities associated with the company --

17   companies owned by Wellington by the name of the

18   Sunshine Companies, but I don't -- I don't recall

19   the specifics of the Wellington balance sheets or

20   income statement.

21       Q.      You understand the Wellington Capital

22   acquired the capital stock of the Alliance

23   companies, is that correct?

24       A.      Yes.

25       Q.      And that occurred in July of '06?

## APPLICATION BY FOREIGN CORPORATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA

**FILED**

*IN COMPLIANCE WITH SECTION 607.1503, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN CORPORATION TO TRANSACT BUSINESS IN THE STATE OF FLORIDA.*

2004 SEP -8 P 1: 41

SECRETARY OF STATE
TALLAHASSEE. FLORIDA

1. Wellington Capital Group, Inc.
   (Enter name of corporation; must include "INCORPORATED," "COMPANY," "CORPORATION," "Inc.," "Co.," " Corp.," "Inc," "Co," or "Corp.")

(If name unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

2. Nevada     3. 20-0197785
   (State or country under the law of which it is incorporated)     (FEI number, if applicable)

4. August 29, 2003     5. Perpetual
   (Date of incorporation)     (Duration: Year corp. will cease to exist or "perpetual")

6. September 1, 2004
   (Date first transacted business in Florida, if prior to registration)
   (SEE SECTIONS 607.1501 & 607.1502, F.S., to determine penalty liability)

7. 2875 South Orange Avenue, Suite 500, Orlando, FL 328c
   (Principal office address)

   2875 South Orange Avenue, Suite 500, Orlando, FL 328c
   (Current mailing address)

8. Investment financing and any and all lawful business
   (Purpose(s) of corporation authorized in home state or country to be carried out in state of Florida)

9. Name and street address of Florida registered agent: (P.O. Box NOT acceptable)

   Name: Lawrence H. Haber

   Office Address: 20 N. Orange Avenue, Suite 1400

   Orlando     , Florida 32801
   (City)     (Zip code)

**10. Registered agent's acceptance:**
*Having been named as registered agent and to accept service of process for the above stated corporation at the place designated in this application, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.*

(Registered agent's signature)

11. Attached is a certificate of existence duly authenticated, not more than 90 days prior to delivery of this application to the Department of State, by the Secretary of State or other official having custody of corporate records in the jurisdiction under the law of which it is incorporated.

12. Names and business addresses of officers and/or directors:



EXHIBIT
G

**A. DIRECTORS**

**FILED**

Chairman: Frank L. Amodeo

Address: 2875 South Orange Avenue, Suite 500   2006 SEP -8 P 1:41
Orlando, FL 32806   SECRETARY OF STATE
TALLAHASSEE, FLORIDA

Vice Chairman: _____

Address: _____

Director: Frank L. Amodeo

Address: 2875 South Orange Avenue, Suite 500
Orlando, FL 32806

Director: _____

Address: _____

**B. OFFICERS**

President: Gailie Hartman

Address: P.O. Box 50729
Henderson, NV 89016

Vice President: _____

Address: _____

Secretary: Gailie Hartman

Address: P.O. Box 50729, Henderson, NV 89016

Treasurer: Gailie Hartman

Address: P.O. Box 50729, Henderson, NV 89016

**NOTE:** If necessary, you may attach an addendum to the application listing additional officers and/or directors.

13. _____
(Signature of Director or Officer listed in number 12 of the application)

14. Frank L. Amodeo, Director
(Typed or printed name and capacity of person signing application)

# 2005 FOR PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# F04000005187

**FILED**
**Jul 11, 2005**
**Secretary of State**

**Entity Name:** WELLINGTON CAPITAL GROUP, INC.

| Current Principal Place of Business: | New Principal Place of Business: |
|---|---|
| 1969 S ALAFAYA TR SUITE 236<br>ORLANDO, FL 32828 | |

| Current Mailing Address: | New Mailing Address: |
|---|---|
| 1969 S ALAFAYA TR SUITE 236<br>ORLANDO, FL 32828 | |

FEI Number: 20-0197785     FEI Number Applied For ( )     FEI Number Not Applicable ( )     Certificate of Status Desired ( )

| Name and Address of Current Registered Agent: | Name and Address of New Registered Agent: |
|---|---|
| HABER, LAWRENCE H<br>20 N. ORANGE AVE.<br>SUITE 1400<br>ORLANDO, FL 32801 US | |

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                        Date

In accordance with s. 607.193(2)(b), F.S., the corporation did not receive the prior notice.
Election Campaign Financing Trust Fund Contribution ( ).

**OFFICERS AND DIRECTORS:**                          **ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS:**

| | | | |
|---|---|---|---|
| Title: | CD        ( ) Delete | Title: | ( ) Change  ( ) Addition |
| Name: | AMODEO, FRANK L | Name: | |
| Address: | 2875 SOUTH ORANGE AVE. | Address: | |
| City-St-Zip: | ORLANDO, FL 32806 | City-St-Zip: | |

| | | | |
|---|---|---|---|
| Title: | PST        ( ) Delete | Title: | ( ) Change  ( ) Addition |
| Name: | HARTMAN, GAILIE | Name: | |
| Address: | P.O. BOX 50729 | Address: | |
| City-St-Zip: | HENDERSON, NV 89016 | City-St-Zip: | |

I hereby certify that the information supplied with this filing does not qualify for the for the exemption stated in Section 119.07(3)(i), Florida Statutes.  I further certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with an address, with all other like empowered.

SIGNATURE:   FRANK AMODEO                                        CD                 07/11/2005
Electronic Signature of Signing Officer or Director                                        Date


EXHIBIT
H

# 2006 FOR PROFIT CORPORATION ANNUAL REPORT

**FILED**
**Feb 23, 2006**
**Secretary of State**

DOCUMENT# F04000005187

**Entity Name:** WELLINGTON CAPITAL GROUP, INC.

**Current Principal Place of Business:**

1969 S ALAFAYA TR SUITE 236
ORLANDO, FL  32828

**New Principal Place of Business:**

**Current Mailing Address:**

1969 S ALAFAYA TR SUITE 236
ORLANDO, FL  32828

**New Mailing Address:**

FEI Number: 20-0197785       FEI Number Applied For ( )       FEI Number Not Applicable ( )       Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**

HABER, LAWRENCE H
20 N. ORANGE AVE.
SUITE 1400
ORLANDO, FL  32801  US

**Name and Address of New Registered Agent:**

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE:
_____
Electronic Signature of Registered Agent                                   Date

Election Campaign Financing Trust Fund Contribution ( ).

**OFFICERS AND DIRECTORS:**

| | |
|---|---|
| Title: | CD          ( ) Delete |
| Name: | AMODEO, FRANK L |
| Address: | 2875 SOUTH ORANGE AVE. |
| City-St-Zip: | ORLANDO, FL  32806 |

| | |
|---|---|
| Title: | PST          ( ) Delete |
| Name: | HARTMAN, GAILIE |
| Address: | P.O. BOX 50729 |
| City-St-Zip: | HENDERSON, NV  89016 |

**ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS:**

| | |
|---|---|
| Title: | ( ) Change  ( ) Addition |
| Name: | |
| Address: | |
| City-St-Zip: | |

| | |
|---|---|
| Title: | ( ) Change  ( ) Addition |
| Name: | |
| Address: | |
| City-St-Zip: | |

I hereby certify that the information supplied with this filing does not qualify for the for the exemption stated in Chapter 119, Florida Statutes.  I further certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with an address, with all other like empowered.

SIGNATURE:    FRANK L AMODEO                                   CD                  02/23/2006
_____
Electronic Signature of Signing Officer or Director                                   Date



EXHIBIT

I

# CERTIFICATE OF CHAIRMAN OF
# WELLINGTON CAPITAL GROUP, INC.

The undersigned, Frank Amodeo, hereby certifies that he is the duly elected, qualified and acting Chairman of Wellington Capital Group, Inc., a Nevada corporation (the "Company"), and on behalf of the Company and to the best of his knowledge, information and belief that:

1.    The warranties and representations made by the Company in Section 4 of that certain Agreement for the Purchase and Sale of Common Stock (the "Purchase Agreement"), by and among the Company, North American Communications, Inc., a Utah corporation, Gary E. Oksutcik, David Kuchinksi and John Schubert, dated contemporaneously herewith are true and correct in all material respects on the date hereof as if such warranties and representations had been made on the date hereof, without any additions, deletions or modifications to the Purchase Agreement or any schedule or exhibit thereto; and

2.    As of the date hereof, the Company has performed, in all material respects, all of the covenants and complied with all of the provisions required by the Purchase Agreement to be performed and complied with by it at or before Closing (as defined in the Purchase Agreement); and

3.    As of the date hereof, no statute, regulation or order of any governmental body (as defined in the Purchase Agreement) is in effect that restrains or prohibits the consummation of the transactions contemplated by the Purchase Agreement, and there has not been threatened, nor is there pending, any action or proceeding by or before any governmental body challenging the lawfulness of, or seeking to prevent or delay, any of the transactions contemplated by the Purchase Agreement or any other agreement ancillary thereto or executed and delivered in connection therewith, memorializing the transactions contemplated by the Purchase Agreement or seeking monetary or other relief against the Company by reason of the consummation of such transactions.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate this 16 day of May 2006.

WELLINGTON CAPITAL GROUP, INC.,
a Nevada corporation

By: _____
Frank Amodeo, Chairman



EXHIBIT
_____

# MINUTES OF

# WELLINGTON CAPITAL GROUP, INC.

## SPECIAL JOINT MEETING OF DIRECTORS AND SHAREHOLDERS

### December 31, 2004

A special joint meeting of the directors and shareholders of WELLINGTON CAPITAL GROUP, INC. was held at 20 N. Orange Avenue, Orlando, Florida 32801 on December 31, 2004, at 9:30 am. All of the directors and shareholders were present. Frank Amodeo acted as Chairman of the meeting.

Upon motion duly made and seconded, the following resolution was unanimously adopted:

RESOLVED, the Company is authorized to open a General Business account.

RESOLVED, that MARTIN C. FLYNN, JR. shall be the authorized and appointed signatory on said account.

RESOLVED, that MARTIN C. FLYNN, JR. is hereby authorized and directed to take all such actions as he shall deem necessary or advisable to carry out the foregoing resolutions.

There being no further business, the meeting was adjourned at 10:00 am.

_____
Frank Amodeo, Chairman

## WAIVER AND CONSENT

The undersigned, being all the shareholders and directors of WELLINGTON CAPITAL GROUP, INC., hereby waive notice of the Special Joint Meeting of the Board of Directors and Shareholders held on December 31, 2004, and consent to all actions taken thereat.

_____
Frank Amodeo, Sole Director and Shareholder

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing was acknowledged before me this 31st day of November, 2004 by FRANK AMODEO, who is personally known to me or who has produced _____ as identification and who did take an oath, and deposes and says that the matters and things contained therein are true and correct.

Print: _____
Notary Public, State of Florida
My Commission Expires: _____
My Commission No. _____

Tessah Marie Ivey
My Commission DD133603
Expires July 29, 2006

EXHIBIT

K

# MINUTES OF

## WELLINGTON CAPITAL GROUP, INC.

## SPECIAL JOINT MEETING OF BOARD OF
## DIRECTORS AND SHAREHOLDERS

### December 15, 2004

A special joint meeting of the shareholders and directors of Wellington Capital Group, Inc., was held at 20 N. Orange Avenue, Orlando, Florida 32801 on December 15, 2004, at 10:30 am. All of the shareholders and directors were present, having waived notice of the meeting. Frank Amodeo acted as Chairman and as Secretary of the meeting.

Upon motion duly made, seconded and approved by the Board of Directors, the following resolutions were unanimously adopted.

RESOLVED, Wellington Capital Group commits to utilizing its best effort to submit an "offer of compromise" with the Internal Revenue Service to provide for utilization of tax credits in the Wellington control group to offset the employment tax liability of the "Sunshine Companies".

RESOLVED, Wellington Capital Group, Inc. acknowledges that should this be unsuccessful, Wellington Capital Group, Inc. will place Sunshine Staff Leasing and Sunshine Companies III into Chapter 11 Bankruptcy and propound a plan compliant with the statutory provisions for confirmation that provides for repayment of the tax obligation over 72 months and allocates new investment and planned payments to the trust fund portion of the tax obligation.

In addition, Wellington Capital Group, Inc. will cause Sunshine "DIP"s to move the bankruptcy court to extend stay protection to all the prior owners and directors of the Sunshine Companies.

RESOLVED, Wellington Capital Group, Inc. is authorized to retain Hans Christian Beyer, Esquire of Buchanan Ingersoll PC, 100 S.E. Second Street, Ste. 2100, Miami, FL 33131 as Chapter 11 Counsel on behalf of the aforementioned Sunshine Companies.

There being no further business, the meeting was adjourned at 10:50 am.

_____
Frank Amodeo, Secretary

### WAIVER AND CONSENT

The undersigned, being all the shareholders and directors of Wellington Capital Group, Inc., hereby waive notice of the Special Joint Meeting of the Board of Directors and Shareholders held on December 15, 2004, and consent to all actions taken there at.

_____
Frank Amodeo, Sole Director and Shareholder

EXHIBIT

## MINUTES OF

## WELLINGTON CAPITAL GROUP, INC.

### SPECIAL JOINT MEETING OF BOARD OF
### DIRECTORS AND SHAREHOLDERS

### AUGUST 17, 2004

A special joint meeting of the shareholders and directors of Wellington Capital Group, Inc., was held at 20 N. Orange Avenue, Orlando, Florida 32801 on August 17, 2004, at 10:00 am. All of the shareholders and directors were present, having waived notice of the meeting. Frank Amodeo acted as Chairman and as Secretary of the meeting.

Upon motion duly made, seconded and approved by the Board of Directors, the following resolutions were unanimously adopted:

RESOLVED, the Company appoints Peter Tattersall of Tattersall & Tattersall, CPA, Orlando, Florida, as a Contract Financing Disbursing Agent of the Company.

RESOLVED, the Company is authorized to open a Contract Financing Disbursing account at SunTrust Bank, N.A., Orlando, Florida.

RESOLVED, that Peter Tattersall and Horton S. Johnson shall be the only two signatories on the Contract Financing Disbursing account, and both signatures shall be required for every disbursement, whether by check, or otherwise.

RESOLVED, that Frank Amodeo, Chairman of the Board of the Company, is hereby authorized and directed to take all such actions as he shall deem necessary or advisable to carry out the foregoing resolution.

There being no further business, the meeting was adjourned at 11:00 am.

_____
Frank Amodeo, Secretary

### WAIVER AND CONSENT

The undersigned, being all the shareholders and directors of Wellington Capital Group, Inc., hereby waive notice of the Special Joint Meeting of the Board of Directors and Shareholders held on August 17, 2004, and consent to all actions taken thereat.

_____
Frank Amodeo, Director and Shareholder

EXHIBIT

M

## MINUTES OF

## WELLINGTON CAPITAL GROUP, INC.

### SPECIAL JOINT MEETING OF BOARD OF DIRECTORS AND SHAREHOLDERS

#### AUGUST 17, 2004

A special joint meeting of the shareholders and directors of Wellington Capital Group, Inc., was held at 20 N. Orange Avenue, Orlando, Florida 32801 on August 17, 2004, at 10:00 am. The shareholders and directors were present, having waived notice of the meeting. Frank Amodeo acted as Chairman and as Secretary of the meeting.

Upon motion duly made, seconded and approved by the Board of Directors, the following resolutions were unanimously adopted:

RESOLVED, the Company shall provide contract financing not to exceed $500,000.00 to Sherwood Construction, Inc. for construction of the Dixie Crossroad and Bella Mozzarella Restaurants at Festival Bay Orlando.

RESOLVED, that the accounting firm of Tattersall & Tattersall, CPA, Orlando, Florida be retained to act as Disbursing Agent.

RESOLVED, that Horton Johnson, President of Sherwood Construction and Peter Tattersall, CPA of Tattersall and Tattersall, P.A. be authorized to open a commercial checking account at SunTrust Bank, N.A., Orlando, Florida for purposes of receiving and disbursing funds on Wellington Capital Group, Inc. in relation to the contract financing.

RESOLVED, that Peter Tattersall and Horton S. Johnson shall be the only two signatories on the Contract Financing Disbursing account, and both signatures shall be required for every disbursement, whether by check, or otherwise.

RESOLVED, that Frank Amodeo, Chairman of the Board of the Company, is hereby authorized and directed to take all such actions as he shall deem necessary or advisable to carry out the foregoing resolution.

There being no further business, the meeting was adjourned at 11:00 am.

_____
Frank Amodeo, Secretary

EXHIBIT
N

#### WAIVER AND CONSENT

The undersigned, being all the shareholders and directors of Wellington Capital Group, Inc., hereby waive notice of the Special Joint Meeting of the Board of Directors and Shareholders held on August 17, 2004, and consent to all actions taken thereat.

_____
Frank Amodeo, Chairman/Director and shareholder

BANK OF COMMERCE
5295 S. DECATUR BLVD.
LAS VEGAS NV 89118

## CORPORATE AUTHORIZATION RESOLUTION

By: WELLINGTON CAPITAL GROUP, INC

3838 RAYMERT DR STE 3
LAS VEGAS            NV 89121

Referred to in this document as "Financial Institution"

d to in this document as "Corporation"

I, FRANK AMODEO                                    , certify that I am Secreta          ove named corporation organized under the laws of
NEVADA                                                                                                                    engaged in business under the trade name of
WELLINGTON CAPITAL GROUP, INC          , Federal Employer I.D. Number 2
adopted at a meeting of the Board of Directors of the Corporation duly and properly called and held on          , and that the resolutions on this document are a correct copy of the resolutions
These resolutions appear in the minutes of this meeting and have not been rescinded or modified.          AUGUST 15, 2003          (date).
**AGENTS** Any agent listed below, subject to any written limitations, is authorized to          powers granted as indicated below:

Name and Title or Position                                          Facsimile Signature
(if used)

A. _FRANK AMODEO  VICE PRESIDENT_ _____    x _____    x _____

B. _____    x _____    x _____

C. _____    x _____    x _____

D. _____    x _____    x _____

E. _____    x _____    x _____

F. _____    x _____    x _____

**POWERS GRANTED** (Attach one or more Agents to each power by placing the letter corresponding to their name in the area before each power.
Following each power indicate the number of Agent signatures required to exercise the power.)

| Indicate A, B, C, D, E, and/or F | Description of Power | Indicate number of signatures required |
|---|---|---|
| _____ | (1) Exercise all of the powers listed in this resolution. | ONE |
| A | (2) Open any deposit or share account(s) in the name of the Corporation. | ONE |
| A | (3) Endorse checks and orders for the payment of money or otherwise withdraw or transfer funds on deposit with this Financial Institution. | ONE |
| A | (4) Borrow money on behalf and in the name of the Corporation, sign, execute and deliver promissory notes or other evidences of indebtedness. | ONE |
| A | (5) Endorse, assign, transfer, mortgage or pledge bills receivable, warehouse receipts, bills of lading, stocks, bonds, real estate or other property now owned or hereafter owned or acquired by the Corporation as security for sums borrowed, and to discount the same, unconditionally guarantee payment of all bills received, negotiated and to waive demand, presentment, protest, notice of protest and notice of non-payment. | ONE |
| A | (6) Enter into a written lease for the purpose of renting, maintaining, accessing and terminating a Safe Deposit Box in this Financial Institution. | ONE |
| N/A | (7) Other _____ | |

**LIMITATIONS ON POWERS** The following are the Corporation's ex          the powers granted under this resolution.

EXHIBIT

**EFFECT ON PREVIOUS RESOLUTIONS** This resolution supersedes resolut          . If not completed, all resolutions remain in effect.
**CERTIFICATION OF AUTHORITY**
I further certify that the Board of Directors of the Corporation has          me or adoption of this resolution had, full power and lawful authority to
adopt the resolutions on page 2 and to confer the powers granted above          persons named who have full power and lawful authority to exercise
t          ame. (Apply seal below where appropriate.)
L____ checked, the Corporation is a non-profit corporation.          In Witness          reof, I have subscribed my name to this document and affixed the seal
of the Corporation on          (date).

Attest by One Other Officer                                          Secretary

(c)1985, 1997 Bankers Systems, Inc., St. Cloud, MN Form CA-1 6/12/2002          (page 1 of 2)

United States Postal Service
## Application for Delivery of Mail Through Agent
See Privacy Act Statement on Reverse

| 1. Date |
| --- |
| 8/27/03 |

In consideration of delivery of my or our (firm) mail to the agent named below, the addressee and agent agree: (1) the addressee or the agent must not file a change of address order with the Postal Service upon termination of the agency relationship; (2) the transfer of mail to another address is the responsibility of the addressee and the agent; (3) all mail delivered to the agency under this authorization must be prepaid with new postage when redeposited in the mails; (4) upon request the agent must provide to the Postal Service all addresses to which the agency transfers mail; and (5) when any information required on this form changes or becomes obsolete, the addressee(s) must file a revised application with the Commercial Mail Receiving Agency (CMRA).

**NOTE:** The applicant must execute this form in duplicate in the presence of the agent, his or her authorized employee, or a notary public. The agent provides the original completed signed Form 1583 to the Postal Service and retains a duplicate completed signed copy at the CMRA business location. The CMRA copy of Form 1583 must at all times be available for examination by the postmaster (or designee) and the Postal Inspection Service. The addressee and the agent agree to comply with all applicable postal rules and regulations relative to delivery of mail through an agent. Failure to comply will subject the agency to withholding of mail from delivery until corrective action is taken.

This application may be subject to verification procedures by the Postal Service to confirm that the applicant resides or conducts business at the home or business address listed in boxes 7 or 10, and that the identification listed in box 8 is valid.

**2. Name in Which Applicant's Mail Will Be Received for Delivery to Agent.** *(Complete a separate Form 1583 for EACH applicant. Spouses may complete and sign one Form 1583. Two items of valid identification apply to each spouse. Include dissimilar information for either spouse in appropriate box.)*

FRANK AMODEO

**3. Address to Be Used for Delivery Including ZIP + 4**

4409 HOFFNER AV
ORLANDO, 71232812 PMB 143

**4. Applicant Authorizes Delivery to and In Care of** *(Name, address, and ZIP Code of agent)*

THE U.P.S STORE 4199
4409 HOFFNER AV.
ORLANDO 71232812

**5. This Authorization Is Extended to Include Restricted Delivery Mail for the Undersigned(s)**

Frank Amodeo

**6. Name of Applicant**

FRANK AMODEO

**7. Applicant Home Address** *(Number, street, city, state, and ZIP Code)*

1311 HOFFNER AV.
ORL. 712 32809

Telephone Number (407) 859-0093

**8. Two types of identification are required. One must contain a photograph of the addressee(s). Social Security cards, credit cards, and birth certificates are unacceptable as identification. The agent must write in identifying information. Subject to verification.**

a.

FL Lc# A530-275-39-212-0

b.

Auto Insurance Car # 0632672700

Acceptable identification includes: valid driver's license or state non-driver's identification card; armed forces, government, university or recognized corporate identification card; passport or alien registration card or certificate of naturalization; current lease, mortgage or Deed of Trust; voter or vehicle registration card; or a home or vehicle insurance policy. A photocopy of your identification may be retained by agent for verification.

**9. Name of Firm or Corporation**

WELLINGTON CAPITAL GROUP, INC

**10. Business Address** *(Number, street, city, state and ZIP Code)*

3838 RAYMERD DRIVE SUITE #3
LAS VEGAS, NEVADA 89121

Telephone Number (702) 616-1926

**11. Kind of Business**

INVESTMENTS (FACTORING Acts Receivable)

**12. If Applicant Is a Firm, Name Each Member Whose Mail Is To Be Delivered.** *(All names listed must have verifiable identification. A guardian must list the names and ages of minors receiving mail at their delivery address.)*

N/A   FRANK AMODEO

EXHIBIT
P

**13. If a CORPORATION, Give Names and Addresses of Its Officers**

FRANK P. AMODEO
1311 HOFFNER AV
ORL. FL - 32805

**14. If Business Name of The Address** *(Corporation or Trade Name)* **Has Been Registered, Give Name of County and State, and Date of Registration.**

N/A

Warning: The furnishing of false or misleading information on this form or omission of material information may result in criminal sanctions (including fines and imprisonment) and/or civil sanctions (including multiple damages and civil penalties). (18 U.S.C. 1001)

**15. Signature of Agent/Notary Public**

Barbie A. Horn

**16. Signature of Applicant** *(If firm or corporation, application must be signed by officer. Show title.)*

Frank Amodeo

PS Form **1583**, August 2000 *(Page 1 of 2)*

This form on Internet at www.usps.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL S. MAPES, MILTON           )        Civil No. 8:07cv77
PETERSEN IV, BRIAN LEICHNER,       )
DAVID MOHR and DAVID STADING,      )
                                   )
                Plaintiffs,        )
                                   )
v.                                 )        **DEFENDANT'S ANSWERS TO**
                                   )        **INTERROGATORIES**
WELLINGTON CAPITAL GROUP, INC.,    )
                                   )
                Defendant.         )

COMES NOW the Defendant and Counterclaimant, Wellington Capital Group, Inc., ("Defendant") and for its Answers to Interrogatories served upon it by the Plaintiffs states:

**INTERROGATORY NO. 1:**   Please identify all individuals who have any knowledge concerning the facts alleged in Defendant's Answer and Counterclaim.

**RESPONSE TO INTERROGATORY NO. 1:**   Frank L. Amodeo; James V. Sadrianna; Robert W. Pollack; Michael Balsam; Jerry Cox; Michael S. Mapes; Milton Petersen, IV; Brian Leichner; David Mohr; David Stading; Robert Sacco; Tracy Taylor; David Chaviers; Tom Hancock; Wanda Silva; Craig Vanderburg; Pete Anderson; Michael North; Jamie Volkens; and Bob Gagne.

**INTERROGATORY NO. 2:**   Please identify all documents that support Defendant's claim for breach of contract (Count I).

**RESPONSE TO INTERROGATORY NO. 2:**   See Defendant's Response to Request for Production No. 4 of Plaintiffs' First Set of Requests for Production of Documents to Defendant.

**INTERROGATORY NO. 3:**   Please identify all documents that support Defendant's claim for tortious interference with a business relationship (Count II).

**RESPONSE TO INTERROGATORY NO. 3:**   See Defendant's Response to Request for Production No. 5 of Plaintiffs' First Set of Requests for Production of Documents to Defendant.

EXHIBIT

Q

**INTERROGATORY NO. 4:**    Please identify all documents that support Defendant's claim for breach of duty of good faith and fair dealing (Count III).

**RESPONSE TO INTERROGATORY NO. 4:**    See Defendant's Response to Request for Production No. 6 of Plaintiffs' First Set of Requests for Production of Documents to Defendant.

**INTERROGATORY NO. 5:**    Please identify all documents that support Defendant's claim for fraud (Count IV), including, but not limited to, the alleged fraudulent representations described in Paragraph 39 of the Answer and Counterclaim.

**RESPONSE TO INTERROGATORY NO. 5:**    See Defendant's Response to Request for Production No. 7 of Plaintiffs' First Set of Requests for Production of Documents to Defendant.

**INTERROGATORY NO. 6:**    Please identify all documents that support Defendant's claim for conversion (Count VI).

**RESPONSE TO INTERROGATORY NO. 6:**    See Defendant's Response to Request for Production No. 8 of Plaintiffs' First Set of Requests for Production of Documents to Defendant.

**INTERROGATORY NO. 7:**    Please describe with specificity the damages Defendant allegedly suffered as a result of the acts and/or omissions of each of the Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 7:**    Discovery continues.  Defendant will supplement this interrogatory after the completion of its investigation and further discovery in this matter.

**INTERROGATORY NO. 8:**    Please identify the officers, directors and shareholders of Wellington Capital Group, Inc. and provide the dates upon which they became officers, directors and/or shareholders and the dates they ceased to be such officers, directors and/or shareholders.

**RESPONSE TO INTERROGATORY NO. 8:**    Defendant's records containing such information are currently in storage; Defendant is performing a diligent

search to locate such records and will supplement this answer at such time the records are located.

**INTERROGATORY NO. 9:**   Please identify all financial institutions which

Defendant used from and after July 1, 2006 to the present.

**RESPONSE TO INTERROGATORY NO. 9:**  Defendant objects to Interrogatory No. 9 on the grounds that this interrogatory is overbroad and requests information irrelevant to claims or defenses asserted in this action.

Dated this 6th day of June, 2007.

WELLINGTON CAPITAL GROUP, INC.,
Defendant

By _Elizabeth M. Callaghan_
Michael J. Mooney, #12886
Robert A. Mooney #21304
Elizabeth M. Callaghan, #22238
GROSS & WELCH, P.C., L.L.O.
2120 South 72nd Street, Suite 1500
Omaha, Nebraska 68124
402-392-1500
Attorney for Defendant/Counterclaimant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of June, 2007, the foregoing Answers to Interrogatories were sent via U.S. Mail, first class, postage prepaid, to the following:

John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE  68102

_Elizabeth M. Callaghan_

10016-1/525636

3

## VERIFICATION

STATE OF FLORIDA        )
                             )SS
COUNTY OF __ORANGE__    )

      Frank Amodeo, sole Director of Wellington Capital Group, Inc., being first duly sworn, states that he has read the above Answers to Interrogatories, knows the contents thereof, and that from his information and belief, the same are true and correct as he verily believes.

      Subscribed and sworn to before me by Frank Amodeo this __6__ day of June, 2007.

NOTARY PUBLIC-STATE OF FLORIDA
Nichole Marie Beamer
Commission # DD405551
Expires: MAR. 10, 2009
Bonded Thru Atlantic Bonding Co., Inc.

Notary Public

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL S. MAPES, MILTON )          Civil No. 8:07cv77
PETERSEN IV, BRIAN LEICHNER, )
DAVID MOHR and DAVID STADING, )
)
Plaintiffs, )          **DEFENDANT'S INITIAL**
)          **DISCLOSURES**
v. )          **PURSUANT TO RULE 26 (a)(1)**
)
WELLINGTON CAPITAL GROUP, INC., )
)
Defendant. )

COMES NOW Defendant, Wellington Capital Group, Inc., and, pursuant to Fed. R. Civ. P. 26(a)(1), provides the following:

A.      The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

1.      Frank L. Amodeo
Mr. Amodeo can be reached through the undersigned counsel.

Mr. Amodeo has general knowledge regarding the allegations in the Plaintiff's Complaint, as well as the allegations in Defendant's Answer and Counterclaim filed in this action.

2.      James V. Sadrianna
PO Box 690337
Orlando, Florida 32869-0337
407-351-1407



Mr. Sadrianna has general knowledge regarding the transactions that took place between Defendant, Mirabilis, and PaySource as more fully described in the pleadings on file in this action.

3.    Robert W. Pollack
      PaySource, Inc.
      Dayton, Ohio

Mr. Pollack was the Chairman of the PEO Steering Committee for Mirabilis and has general knowledge regarding the negotiations relevant to the sale of the PEOs identified in Defendant's Counterclaim, including the sale of said PEOs to PaySource.

4.    Michael Balsam
      Orlando, Florida

Mr. Balsam is a former Mirabilis employee.  Mr. Balsam integrated the Alliance companies into the Mirabilis PEO portfolio and has general knowledge regarding the same.

5.    Jerry Cox

Mr. Cox is a former Mirabilis employee.  Mr. Cox integrated the Alliance companies into the Mirabilis PEO portfolio and has general knowledge regarding the same.

6.    Robert Sacco
      PaySource, Inc.
      Dayton, Ohio

Mr. Sacco has general knowledge regarding the negotiations to sell the Alliance companies to Paysource and the transactions surrounding the same, as well as disparaging representations regarding Defendant as more fully set forth in Defendant's Counterclaim.

7.    Tracy Taylor
      PaySource, Inc.
      Dayton, Ohio

Ms. Taylor was a former Mirabilis employee who was head of integration and has general knowledge regarding the integration of the Alliance companies into the Mirabilis PEO portfolio.

8.    David Chaviers
      Gadsen, Georgia

Mr. Chaviers was a principal of the Hancock Group, L.L.C. and has general knowledge of communications with Michael Mapes regarding Plaintiffs' taking the Alliance companies back as more fully described in the pleadings on file in this action.

9.    Tom Hancock
      Gadsen, Georgia

Mr. Hancock was a principal of the Hancock Group, L.L.C. and has knowledge of communications with Michael Mapes regarding Plaintiffs' taking the Alliance companies back as more fully described as more fully described in the pleadings on file in this action.

10.   Wanda Silva

Ms. Silva was a broker who brought Alliance to Wellington and has general knowledge regarding the transactions between the two.

11.   Craig Vanderburg

Mr. Vanderburg was an independent broker who worked with Wanda Silva and has general knowledge regarding the Alliance/Wellington transactions as more fully described in the pleadings on file in this action.

12.   Pete Anderson
      407-324-4415

Mr. Anderson has general knowledge regarding procuring the workers' compensation insurance for the Mirabilis PEO portfolio.

     13.    Michael North
               Boca Raton, Florida
               561-994-1900

Mr. North was a Lumberman's Underwriting Alliance ("LUA") representative and has general knowledge of Mr. Mapes' disparaging comments and representations regarding Defendant as more fully described in Defendant's Counterclaim.

     14.    Jamie Volkens

Mr. Volkens was a LUA representative and has general knowledge of Mr. Mapes' disparaging comments and representations regarding Defendant as more fully described in Defendant's Counterclaim.

     15.    Bob Gagne
               Advanced Risk Solutions, Inc.
               Overland Park, Kansas
               913-385-2455

Mr. Gagne has general knowledge regarding Mr. Mapes' disparaging comments and representations regarding Defendant as more fully described in Defendant's Counterclaim.

     16.    Michael S. Mapes

Mr. Mapes has general knowledge regarding the allegations contained in Plaintiffs' Complaint, as well as the allegations in Defendants' Counterclaim.

     17.    Milton Petersen, IV

Mr. Mapes has general knowledge of the allegations contained in Plaintiffs' Complaint, as well as the allegations in Counts I, IV, VI, VII and VIII of Defendants' Counterclaim.

18.    Brian Leichner

Mr. Leichner has general knowledge of the allegations contained in Plaintiffs' Complaint, as well as the allegations in Counts I, IV, VI, VII and VIII of Defendants' Counterclaim.

19.    David Mohr

Mr. Mohr has general knowledge of the allegations contained in Plaintiffs' Complaint, as well as the allegations in Counts I, IV, VI, VII and VIII of Defendants' Counterclaim.

20.    David Stading

Mr. Stading has general knowledge of the allegations contained in Plaintiffs' Complaint, as well as the allegations in Counts I, IV, VI, VII and VIII of Defendants' Counterclaim.

B.    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1.  All documents responsive to Paragraph B have already been identified and provided to counsel for Plaintiffs pursuant to Defendant's Response to Plaintiff's Request for Production of Documents served on June 6, 2007.

Defendant reserves the right to supplement this response as discovery continues.

C.      A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

The damages Defendant is seeking in this action are detailed in Defendant's Counterclaim.  Defendant has alleged in its Counterclaim that it is entitled to general damages and certain indemnities pursuant to the provisions of the Stock Agreement as a remedy for Plaintiffs' breach of the same, including but not limited to offset.  Plaintiffs have a copy of the Stock Agreement in their possession.

Defendant has further alleged in its Counterclaim that Michael Mapes' actions (as more fully described therein) caused Defendant to suffer a loss of operating capital, in turn rendering Defendant unable to perform its business, which has resulted in exposure to damages, attorney's fees, and costs in an amount to be proved at trial. Pursuant to formal discovery conducted by the parties, Defendant has already provided to counsel for Plaintiffs documents regarding damages it suffered as a result of Michael Mapes' conduct as alleged in Defendant's Counterclaim.

Defendant is also seeking general damages arising from Plaintiffs' tortious conduct as specifically alleged in Defendant's counterclaim in an amount to be proven at trial, including but not limited to loss of business opportunity, lost revenue, lost profits, lost income, and damage to reputation.  Pursuant to Defendant's Responses to

Plaintiff's discovery requests served on June, 6, 2007, Defendant has provided to counsel for Plaintiff documents regarding damages it sustained by the acts and/or omissions of Plaintiffs.

Defendant has also alleged in its Counterclaim that it is entitled to the return of its initial payment of $2,250,000 with interest accruing thereon.

Defendant reserves the right to supplement this response as discovery and investigation of this matter continues.

D.      For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:  **N/A.**

**PLEASE TAKE NOTICE** that Defendant reserves its right to supplement, amend or revise the foregoing disclosures as additional information becomes available in this matter.

Dated this 6th day of August, 2007.

WELLINGTON CAPITAL GROUP, INC.,
Defendant

By _____/s/ *Elizabeth M. Callaghan*_____
Michael J. Mooney, #12886
Elizabeth M. Callaghan, #22238
Robert A. Mooney, #21304
GROSS & WELCH, P.C., L.L.O.
2120 South 72nd Street, Suite 1500
Omaha, Nebraska 68124
402-392-1500
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of August, 2007, the foregoing Defendant's Initial Disclosures was sent via e-mail to the following:

John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE  68102
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

/s/ *Elizabeth M. Callaghan*
Elizabeth M. Callaghan