IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL S. MAPES, et al.,** | ) | |
| | ) | |
| Plaintiffs | ) | 8:07CV77 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **WELLINGTON CAPITAL GROUP,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Quash (Filing No. 40). The plaintiffs filed a brief (Filing No. 43) and an index of evidence (Filing No. 44) in opposition to the motion.[1] The defendant filed a brief (Filing No. 46) and an index of evidence (Filing No. 47) in reply. The motion relates to depositions initially scheduled for February 5, 2008. The court previously held a telephone conference with counsel for the parties on February 1, 2008, regarding the motion and held the depositions in abeyance pending resolution of these issues. **See** Filing No. 42.

## BACKGROUND

On February 19, 2007, the plaintiffs filed the instant action for breach of contract and declaratory judgment. **See** Filing No. 1. In the complaint, the plaintiffs allege the following facts. On July 13, 2006, the defendant agreed to purchase from the plaintiffs all of the capital stock of four companies, which will be referred to collectively as the Alliance Companies. The agreement included an immediate payment for fifty percent of the proceeds, with the balance represented by five promissory notes. Each of the promissory notes was signed by Mr. Amodeo, on behalf of the defendant as the owner, Chairman and authorized agent of the defendant. Other evidence shows Mr. Amodeo is also the Sole Director and Shareholder of the defendant. **See** Filing No. 44 Ex. 1 - Passarelli Decl. ¶ 17 and attached Exs. K through N. The plaintiffs allege the defendant is in breach of the

---

[1] The plaintiffs' brief does not set forth any opposition to the defendant's motion to quash the deposition notice for Matt Mokwa.

agreement and the promissory notes. **See** Filing No. 1. Further, the plaintiffs allege the defendant has failed to preserve the value of the Alliance Companies and other collateral.

On April 18, 2007, the defendant filed an answer and counterclaims against each of the plaintiffs. **See** Filing No. 11. The defendant alleges the following additional facts in the answer and counterclaim. The defendant purchased the Alliance Companies based on various representations made by the plaintiffs, including the amount of gross revenues. In August of 2006, Mirabillis Ventures, Inc. (Mirabillis) purchased the Alliance Companies from the defendant. Mirabillis is affiliated with the defendant. Mirabillis agreed to pay the remaining amounts due to the plaintiffs. In December of 2006, Mirabillis sold the Alliance Companies to PaySource, Inc. (PaySource), whose sole owner was Robert Sacco. The sale was contingent upon the Alliance Companies maintaining a certain degree of customer and financial stability. PaySource executed a promissory note (PaySource Note) in favor of the defendant and Mirabillis in the amount of the initial purchase price that the defendant agreed to pay the plaintiffs. The PaySource Note payments were scheduled to begin in February of 2007. The defendant alleges one of the plaintiffs, Michael Mapes, made disparaging comments to Alliance Companies' customers and other companies about the defendant and Mirabillis. Mapes' comments caused the Alliance Companies to lose customers, which in turn led PaySource to allege a breach of contract and to fail to make payments on the PaySource Note. Based on these allegations, among others, the defendant asserts counterclaims for breach of contract (Count I), fraud (Count IV) and conversion (Count V) against all of the plaintiffs. Additionally, the defendant asserts tortious interference with a business relationship (Count II) and breach of good faith and fair dealing (Count III) against Mr. Mapes.

On December 27, 2008, the defendant filed a motion to quash the notices to take depositions of Matt Mokwa, Frank Amodeo and a Rule 30(b)(6) representative for the defendant. **See** Filing No. 30. The stated basis for the motion was opposing counsel's failure to schedule the deposition dates in a manner which was previously agreed to and the delay of certain document production. *Id.* Further, the motion noted the plaintiffs' counsel was willing to reschedule the depositions to other dates and "[c]ounsel for Wellington are agreeable to providing alternate dates." *Id.* The court held a telephone

conference with counsel for the parties on December 28, 2008. The motion to quash was granted, but the court entered an order stating:

> The plaintiffs may notice and take the depositions of Wellington Capital Group, Inc.'s 30(b)(6) Representative, Frank Amodeo, and Matt Mokwa **between February 1, 2008 and February 12, 2008**.

**See** Filing No. 32 (emphasis in original).

On January 25, 2008, the plaintiffs served the defendant with notices for the depositions of Frank Amodeo and Matt Mokwa to take place on February 5, 2008, at the law offices of the defendant's counsel in Omaha, Nebraska. **See** Filing Nos. 36 and 37. On February 1, 2008, the defendant filed another motion to quash stating Mr. Amodeo and Mr. Mokwa are not parties and a simple notice of deposition is insufficient to compel their appearances pursuant to Federal Rules of Civil Procedure 30 and 45. **See** Filing No. 40. The defendant argues the plaintiffs must serve the witnesses with subpoenas. Counsel for the parties conferred by telephone on January 29, 2008, but were unable to resolve the issue without court involvement.

## ANALSYIS

Depositions are governed by Federal Rule of Civil Procedure 30. Since it is not possible to take the deposition of a corporation without a natural person to speak for the corporation, this rule "provide[s] two methods by which a corporate party to a proceeding may be deposed: (1) Rule 30(b)(1) provides for the deposition by notice of a corporation through a particular officer, director or managing agent of the corporation; and (2) Rule 30(b)(6) . . . ." **Cadent Ltd. v. 3M Unitek Corp.**, 232 F.R.D. 625, 627-28 (C.D. Cal. 2005). Pursuant to Rule 30:

> A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Fed. R. Civ. P. 30(a)(1).

Additionally, the rule contains a notice provision as follows.

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.

Fed. R. Civ. P. 30(b)(1).

Parameters for notice with regard to an organization is further delineated such that

> a party may name as the deponent a public or private corporation, . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

These rules must be read in conjunction with Rule 37(d), which states:

> The court where the action is pending may, on motion, order sanctions if:
> (i)   a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition;

Fed. R. Civ. P. 37(d)(1)(A); **see also** Fed. R. Civ. P. 45(c)(3)(A)(ii) (directing court to quash or modify subpoena if it "requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person").

Furthermore, "[u]nder 30(b)(1), it is well recognized that 'if the corporation is a party, the notice compels it to produce any 'officer, director or managing agent' named in the deposition notice. It is not necessary to subpoena such individual.'" ***Cadent Ltd.***, 232 F.R.D. at 627 n.1 (quotation omitted); **see also** ***JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.***, Inc., 220 F.R.D. 235, 237 (S.D.N.Y. 2004); ***Carlson Wagonlit Travel, Inc. v. Invensys PLC***, No. Civ. 01-2337, 2003 WL

21010961, 2 (D. Minn. Mar. 8, 2003) ("Notice under Rule 30(b)(1) of the Federal Rules of Civil Procedure is sufficient to depose a corporate employee who is an officer, director, managing agent, or Rule 30(b)(6) designee"); ***Archer Daniels Midland Co. v. Aon Risk Servs., Inc.***, 187 F.R.D. 578, 587 (D. Minn. 1999) ("Except where the employee has been designated by the corporation under Rule 30(b)(6)," or is an officer, director, or managing agent, "an employee is treated in the same way as any other witness," and "[h]is or her presence must be obtained by subpoena rather than notice.") (**quoting** CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2103).

The defendant maintains that Mr. Amodeo is not a party to this action, although the defendant does not dispute Mr. Amodeo's status with the defendant. The defendant argues that neither the plain language of Rule 30, nor "authority in this jurisdiction" interpreting the rule dispense with the subpoena requirement. However, it is well known

> the corporation is responsible for producing its officers, managing agents, and directors if notice is given; a subpoena for their attendance is unnecessary, and sanctions may be imposed against the corporation if they fail to appear. . . . [T]he depositions of persons who fit these categories may be used against the corporate party. It is in this sense, in respect of the responsibility to produce the deponent and of the usability of the deposition, that the deposition of the corporation is said to be "taken through" the particular individual.

CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2103. Courts in this circuit adhere to the general rule. **See *Schembre v. AGR Const. Co.***, No. 4:06-CV-943, 2007 WL 3268443, at *1 (E.D. Mo. Nov. 2, 2007) ("The notices were directed to Mr. Fennell as an officer of the defendants and no subpoena was required."); ***United States v. Baby-Tenda Corp.***, No. 05-0907, 2007 WL 2590427, at *1 (W.D. Mo. Aug. 27, 2007) ("If the particular company representative is known, that representative may be named.") (**citing** Fed. R. Civ. P. 30(b)(1) and WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2110)). Prior to the advent of Rule 30(b)(6), parties were required to identify particular officers, however the change in the rules, to put some burden on the deponent corporation of naming unknown corporate agents, does not increase the burden on the other parties when they seek to depose a known corporate agent. **See** Fed. R. Civ. P. 30(b)(6) ("This

5

paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."); WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2110.  Accordingly, the court finds the federal rules and case law are abundantly clear that the plaintiffs' notice, without a subpoena, for Mr. Amodeo was adequate to require his attendance at the deposition.

The defendant next argues Mr. Amodeo should not be required to appear for the deposition in Omaha, Nebraska.  **See** Filing No. 46 - Reply p. 8.  The defendant notes the defendant's headquarters is located in Florida.  This argument was not raised in the original motion or during the telephone conference with the undersigned magistrate judge.  However, the defendant contends this is independent justification to quash the deposition notice.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.  This is subject to modification, however, when justice requires."  WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2112.  The party proposing an alternate location for the deposition has the burden of overcoming the general presumption.  **See** *McDougal-Wilson v. Goodyear Tire*, 232 F.R.D. 246, 249 (E.D.N.C. 2005).  The court has the authority to determine the location of the deposition.  Fed. R. Civ. P. 26(c)(1)(B).

The defendant gives no reason other than the general rule, for why Mr. Amodeo should be deposed in a location other than as noticed.  Further, it is noted the defendant has already produced another witness pursuant to Rule 30(b)(6) in Omaha for deposition.  In any event, the defendant failed to confer with opposing counsel about this issue prior to raising it in the reply brief, as required by the federal and local rule.  **See, e.g.**, NECivR 7.1(i).  Accordingly, the court will determine the location of the deposition in accordance with the original deposition notice.  Alternatively, the court orders the defendant to produce Mr. Amodeo for deposition in Omaha, Nebraska, as a sanction as discussed below.

The plaintiffs seek sanctions with regard to the defendant's and Mr. Amodeo's conduct related to the instant motion and throughout discovery associated with this case.  An assessment of sanctions is authorized by Rule 30(d) for impeding, delaying or frustrating the fair examination of a deponent, or by Rule 26(c)(2).  The defendant opposes any award of sanctions and states its actions were reasonable consistent with a

reasonable interpretation of the law.  Additionally, the defendant contends it did not waive any arguments raised in the second motion to quash by virtue of the arguments raised in the first motion.  Further, the defendant states that, at that time, counsel anticipated designating Mr. Amodeo and/or Mr. Mokwa as the defendant's Rule 30(b)(6) witness. Only later the decision was made to designate someone else.  The Rule 30(b)(6) deposition has now been completed.  Finally, the defendant contends that counsel asked the plaintiffs' counsel for legal authority for their position on more than one occasion without response.

The defendant did not specify under which rule the motion to quash falls.  However, Federal Rule of Civil Procedure 26(c) and 30(d) provide for sanctions under Rule 37(a)(5) to motions filed under the rules.  Furthermore, Rule 37(a)(5)(B) provides that if the discovery motion is denied, sanctions shall be awarded against the moving party absent a showing of good cause for the nondisclosure by the opposing actor.  **See** Fed. R. Civ. P. 37(a)(5)(B).  The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court.  In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37 Advisory Committee Notes (1970) regarding then Rule 37(a)(4).  Additionally, where the motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion.  **See** Fed. R. Civ. P. 37(a)(5)(C).

Here, the defendant's motion was not substantially justified with regard to Mr. Amodeo.  There is no dispute Mr. Amodeo is an officer of the defendant subject to the notice of deposition requirement under Rule 30(b)(1).  In any event, had the defendant been correct about Mr. Amodeo being a non-party subject to subpoena, the defendant would be without standing to challenge the deposition notice as it did.  **See *Smith v. Midland Brake, Inc.***, 162 F.R.D. 683, 685 (D. Kan. 1995) (corporation had no standing to challenge subpoena served on its employee because corporation lacked personal right or privilege in information sought); **see also *Gatewood v. Stone Container Corp.***, 170 F.R.D. 455, 460 (S.D. Iowa 1996).  The defendant's motion was apparently justified as to Mr. Mokwa and the plaintiffs did not oppose the motion.  Under the circumstances, the court finds sanctions should be granted and imposed against the defendant.  The

defendant has had an opportunity to be heard with regard to the issues raised and to respond to the request for sanctions.  Accordingly, the defendant shall pay the reasonable costs associated with the plaintiffs' response to the defendant's motion.  Additionally, the deposition of Mr. Amodeo shall take place in Omaha, Nebraska.  However, the parties shall each be responsible for their own attorney fees associated with the depositions.  Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Quash (Filing No. 40) is granted in part and denied in part.  The defendant's motion to quash the Amended Notice of Deposition Upon Oral Examination for Matt Mokwa (Filing No. 37) is granted.  Otherwise, the motion is denied.

2. The defendant shall make Mr. Amodeo available for deposition upon notice of the plaintiffs within thirty days of this order.  The deposition shall take place in Omaha, Nebraska.

3. The defendant shall pay the reasonable costs associated with the plaintiffs' brief responding to the defendant's motion to quash.  Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before March 19, 2008,** a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the plaintiffs may file **on or before March 24, 2008,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.4.  The defendant shall have **until on or before April 2, 2008,** to respond to the application.  Thereafter, the issue of costs will be deemed submitted and a written order entered.

DATED this 4th day of March, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge