IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING, | No. 8:07-CV-77 |
| Plaintiffs, | **DECLARATION OF JOHN P. PASSARELLI** |
| v. | |
| WELLINGTON CAPITAL GROUP, INC., | |
| Defendant. | |

I, John P. Passarelli, hereby declare as follows:

1.      I am a partner with the law firm of Kutak Rock LLP.  I am the lead trial counsel for the Plaintiffs in the above-referenced litigation.  I was retained by the Plaintiffs in February of 2007 to represent them in connection with Wellington Capital's conduct as described in the Complaint.  Since the inception of this engagement, I have been responsible for this civil action and I am familiar with all pleadings and discovery that has been conducted in this case.

2.      At the outset of this litigation, I determined that I would require the assistance of an experienced litigator to assist me.  I asked Jim Sulentic, who has assisted me in commercial litigation since his graduation from the University of Nebraska Law School in 1991, to assist as co-counsel in this action.  Mr. Sulentic and I have been the attorneys principally involved in this litigation.  This litigation is complex commercial litigation and I believe I was justified in staffing this case with myself and Mr. Sulentic.  This is borne out by the manner in which

Wellington Capital has staffed this litigation. Wellington Capital's counsel has employed at least three attorneys from time-to-time, including Mr. Michael Mooney, Mr. Robert Mooney and Ms. Elizabeth Callaghan. For example, when I deposed Mr. Stollenwerk as a 30(b)(6) witness, both Mr. Robert Mooney and Ms. Elizabeth Callaghan defended the deposition. At the mediation in this matter, Mr. Michael Mooney, Mr. Robert Mooney and Ms. Elizabeth Callaghan all appeared on behalf of Wellington Capital at the mediation. In contrast, I was the only attorney that appeared for the Plaintiffs during the entirety of the deposition of Mr. Stollenwerk and during the entirety of the mediation.

3.      This Declaration is being submitted in support of Plaintiffs' Application for its costs and fees relating to the opposition to Defendant's Motion to Quash. I determined that the opposition was a very important discovery motion in that Wellington Capital had resisted Plaintiffs' legitimate discovery attempts since Wellington Capital filed its Answer and Counterclaim about one year ago. Just for example, Defendant took nine months to produce documents responsive to Plaintiffs' First Set of Requests for Production of Documents that were served on May 4, 2007.

4.      It was my decision to have Mr. Sulentic and Mr. Clatterbuck assist me in preparing the opposition papers which are the subject of this Application. Mr. Clatterbuck is a third year law student at University of Nebraska at Lincoln and has been employed by Kutak Rock since his freshman year in law school. I have personally supervised Mr. Clatterbuck in the context of commercial litigation and found him to be a very capable law clerk, especially with regard to legal research and writing. Mr. Clatterbuck is compensated by Kutak at the rate of $30 an hour. His time is billed out at $65 an hour which I believe to be reasonable under the circumstances of this case and consistent with the Omaha legal market.

5.      I was responsible for, and supervised, the opposition papers that were submitted with respect to Defendant's Motion to Quash.  Defendant's Motion was filed on February 1, 2008.  I happened to be in Phoenix, Arizona, on that date in a court-ordered mediation in a patent case for which I am trial counsel.  In my absence, Jim Sulentic, who is familiar with this litigation, participated in the telephonic hearing relating to Defendant's Motion to Quash.

6.      On February 4, 2008, Mr. Sulentic and I met to afford Mr. Sulentic the opportunity to update me with regard to the telephonic hearing and to determine how best to proceed with preparing and filing opposition papers.

7.      It was our opinion that this was a critical motion in that Wellington Capital had thwarted Plaintiffs' attempts to conduct discovery with regard to the multi-million dollar counterclaims that were asserted in its Counterclaim filed on April 18, 2007.  It was our desire to complete the deposition of Amodeo so that dispositive motions could be filed.  We were also apprised by other litigants that Mr. Amodeo had resisted being deposed in pending litigation and that it would likely require a court order before Mr. Amodeo submitted for his deposition.

8.      It was my opinion that our clients were best served by resisting the Motion to Quash and enforcing our clients' rights to depose Mr. Amodeo in Omaha, Nebraska.  I asked Mr. Sulentic to take the lead role in reviewing the documentary materials that were provided to us under this Court's Order dated December 28, 2007.  I asked Mr. Sulentic to also work with Mr. Clatterbuck in preparing the opposition papers.  I asked Mr. Clatterbuck to assist Mr. Sulentic in regards to legal research and writing.  I believed that this "team" represented the most cost-effective use of legal resources to oppose Wellington Capital's Motion.

9.      Wellington Capital's conduct itself contributed to the costs of preparing the opposition papers.  For example, up through February 1, 2008, Defendant failed to provide any

meaningful information or documentation that would describe Mr. Amodeo's relationship to Wellington Capital. In fact, at the telephonic hearing on February 1, 2008, I understand that Wellington Capital's counsel was unable to answer this Court's question about Mr. Amodeo's responsibilities with Wellington Capital. The information and documentary materials that were provided in response to Plaintiffs' Requests for Production of Documents were not produced in accordance with Rule 34(b) in that the documents were not produced "as they are kept in the ordinary course of business" nor were they "organized and labeled to correspond with the categories in the requests". Wellington Capital's production conduct made Mr. Sulentic's job much more arduous and laborious.

10.     Attached as Exhibit "A" is a copy of the Kutak Rock invoice that reflects the time expended by me, Mr. Sulentic and Mr. Clatterbuck in connection with the opposition papers. The invoice also describes the work performed by these three individuals. The invoice does not reflect all of the time I spent on this matter. For example, I did not record nor charge the client for my time spent in certain meetings and discussions with Mr. Sulentic and Mr. Clatterbuck.

11.     As the invoice reflects, I charged the client a total of 6.30 hours for my responsibilities involving the opposition at my standard hourly rate of $300 an hour; Mr. Sulentic expended 21.20 hours at $240 an hour in connection with the opposition; and Mr. Clatterbuck expended 31.40 hours at $65 an hour.

12.     My role in the opposition of this Motion was to review the final drafts of the opposition papers and to be primarily responsible for preparing my declaration that would be submitted in opposition to the Motion. Mr. Sulentic was responsible for reviewing all of the documents that were submitted to us on February 1, 2008, and that related to the specific issues that were raised by Defendant's Motion to Quash. Specifically, Mr. Sulentic reviewed the

records that were produced to determine the extent of Mr. Amodeo's involvement with Wellington Capital and his involvement with the issues pertinent to the Counterclaims and our clients' defenses to those Counterclaims.   There were all issues extremely pertinent to the Motion to Quash.

13.    I asked Mr. Sulentic to supervise Mr. Clatterbuck with regard to his legal research and writing responsibilities.   Mr. Clatterbuck's role primarily consisted of legal research and writing early drafts of the opposition papers.

14.    I believe that the invoice attached to this Declaration provides the information required under NECivR 54.4.   I believe that the time expended by me, Mr. Sulentic and Mr. Clatterbuck was reasonable and that the hourly rates charged by me, Mr. Sulentic and Mr. Clatterbuck are consistent with the Omaha legal market.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of March, 2008, at Omaha, Nebraska.

John P. Passarelli

# K U T A K   R O C K   L L P

**OMAHA, NEBRASKA**
Telephone 402-346-6000
Facsimile 402-346-1148

Federal ID 47-0597598

March 13, 2008

**Check Remit To:**
Kutak Rock LLP
PO Box 30057
Omaha, NE 68103-1157

**Wire Transfer Remit To:**
ABA #104000016
First National Bank of Omaha
Kutak Rock LLP
A/C # 24-690470
Reference: Invoice No. 1248951
Client Matter No. 1302901-2

Robert Mooney
Gross & Welch, PC LLO
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE  68124

Invoice No. 1248951
1302901-2

---

Re:    Wellington Capital Group

For Professional Legal Services Rendered

| | | | | |
|---|---|---|---|---|
| 02/01/08 | J. Sulentic | 3.20 | 768.00 | Review Defendant's Motion to Quash depositions of Messrs. Amodeo and Mokwa; review pleadings and correspondence in preparation for hearing with court regarding same; participate in telephonic hearing; analyze issues regarding response to Motion to Quash; research current status of Amodeo as Officer/Director of Wellington and basis for extension of jurisdiction over same for discovery purposes |
| 02/04/08 | J. Sulentic | 1.90 | 456.00 | Conference with Mr. Passarelli regarding hearing on Motion to Quash; prepare outline of issues for Response to Motion to Quash; review documents and miscellaneous materials in furtherance of reply; review preliminary order from Court |

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT



**KUTAK ROCK LLP**

Gross & Welch, PC LLO
March 13, 2008
Client Matter No. 1302901-2
Invoice No. 1248951
Page 2

| | | | | |
|---|---|---|---|---|
| | | | | regarding Motion to Quash |
| 02/06/08 | J. Sulentic | 2.10 | 504.00 | Continue review of supplemental document production from Defendants; analyze issues regarding motion to quash and authority for Court to exercise jurisdiction over Florida witness; conference with Mr. Passarelli regarding deposition of Wellington 30b6 representative |
| 02/07/08 | N. Clatterbuck | 1.30 | 84.50 | Research case law regarding FRCP 30, 37 |
| 02/07/08 | N. Clatterbuck | 1.90 | 123.50 | Review case file and pleadings |
| 02/07/08 | N. Clatterbuck | 2.10 | 136.50 | Prepare brief opposing motion to quash |
| 02/07/08 | J. Sulentic | 2.10 | 504.00 | Research regarding basis for taking deposition of corporate director; investigate filings and records in Nevada and Florida Secretary of States Offices regarding Wellington; conference with Mr. Clatterbuck regarding supporting brief for opposition to motion to quash |
| 02/08/08 | N. Clatterbuck | 5.60 | 364.00 | Prepare brief opposing motion to quash |
| 02/08/08 | J. Sulentic | 1.20 | 288.00 | Review correspondence, pleadings file, prior discovery responses and supplemental documents in furtherance of developing factual background for opposition to Defendants' Motion to Quash Amodeo deposition notice; conference with Mr. Clatterbuck regarding same |
| 02/09/08 | N. Clatterbuck | 2.70 | 175.50 | Prepare brief opposing motion to quash |
| 02/10/08 | N. Clatterbuck | 0.40 | 26.00 | Prepare correspondence to Messrs. Passarelli and Sulentic regarding brief draft |
| 02/10/08 | N. Clatterbuck | 0.50 | 32.50 | Review Mr. Stollenwerk deposition transcript |

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT

**KUTAK ROCK LLP**
Gross & Welch, PC LLO
March 13, 2008
Client Matter No. 1302901-2
Invoice No. 1248951
Page 3

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 02/10/08 | N. Clatterbuck | 1.80 | 117.00 | Prepare brief opposing motion to quash |
| 02/11/08 | J. Sulentic | 2.30 | 552.00 | Review transcript of Stollenwerk deposition; prepare brief in opposition to Motion to Quash |
| 02/12/08 | N. Clatterbuck | 0.80 | 52.00 | Research case law regarding deposition notices |
| 02/13/08 | N. Clatterbuck | 4.30 | 279.50 | Prepare brief opposing Motion to Quash |
| 02/13/08 | J. Passarelli | 2.00 | 600.00 | Review pleadings; review miscellaneous information and documentary materials; prepare motion papers, including brief and evidentiary submission; conferences regarding same |
| 02/13/08 | J. Sulentic | 1.20 | 288.00 | Conference with Messrs. Passarelli and Clatterbuck regarding hearing with Court on Defendant's Motion to Quash and strategy for motion papers; review draft and provide comments on structure and substance of same; continue review of deposition transcript, documents, correspondence and miscellaneous materials and pleadings in furtherance of establishing appropriate record for opposition to Defendant's motion |
| 02/14/08 | N. Clatterbuck | 3.70 | 240.50 | Prepare brief opposing motion to quash |
| 02/14/08 | N. Clatterbuck | 4.00 | 260.00 | Review and revise brief opposing motion to quash |
| 02/14/08 | J. Passarelli | 2.50 | 750.00 | Continue preparation of motion papers; review and revise brief; prepare evidentiary submission, including declaration and exhibits; review correspondence concerning mediation |
| 02/14/08 | J. Sulentic | 3.70 | 888.00 | Review and revise statement of fact; review pleadings, various discovery responses, documents produced by |

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT

**KUTAK ROCK LLP**

Gross & Welch, PC LLO
March 13, 2008
Client Matter No. 1302901-2
Invoice No. 1248951
Page 4

|            |                |      |        | Defendants and correspondence between parties in connection with same; continue preparation of opposition brief; review Passarelli declaration and identify and prepare exhibits to same |
|------------|----------------|------|--------|---|
| 02/15/08   | N. Clatterbuck | 2.30 | 149.50 | Review and revise brief opposing Motion to Quash and supporting declaration |
| 02/15/08   | J. Passarelli  | 1.80 | 540.00 | Continue preparation of motion papers; final review and arrange for filing and service; prepare for upcoming status conference; participate in status conference; review Progression Order |
| 02/15/08   | J. Sulentic    | 3.50 | 840.00 | Complete and file opposition brief and supporting declaration, evidence index and related documentation; conference call with opposing counsel regarding same; participate in status conference call with Court; review order from Court regarding case progression and scheduling issues |

**TOTAL HOURS**            58.90

**TOTAL FOR SERVICES RENDERED**            $9,019.00

**TOTAL CURRENT AMOUNT DUE**            $9,019.00

PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT