IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CAPITAL GROUP, INC.,<br><br>Defendant. | Civil No. 8:07cv77<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR THE AWARD OF FEES AND COSTS** |

COMES NOW, the Defendant, Wellington Capital Group, Inc., (hereinafter "Defendant") by and through counsel of record, Robert A. Mooney, and offers this opposition to the Motion for the Award of Fees and Costs (Filing 57). In support of this opposition Defendant offers the attached affidavit of its counsel, Robert A. Mooney. In addition, Defendant states as follows:

1. Defendant objects to the affidavit of John Passarelli in the following particulars:

   A. Paragraph 2 contains information irrelevant to this motion including information about the attendees at a mediation in this case.

   B. Paragraph 3 contains information irrelevant to the subject motion regarding defendant's production of documents.

   C. Paragraph 7 contains information for which Mr. Passarelli has no foundation to testify and contains hearsay information and which is irrelevant to the subject application.

   D. Paragraph 9 contains statements which constitute hearsay and which Mr. Passarelli has no foundation to make as he did not attend the Feb. 1,

2008 telephone conference with the court as conceded by other evidence before the Court.

2. Defendant also objects to the affidavit of James Sulentic in the following particulars:

   A. Paragraph 4 contains irrelevant information regarding the production of documents and is argumentative, to the extent it suggests that the production of business records in response to an interrogatory question is improper, when the same is perfectly permitted under Rule 33(d)

3. Defendant further objects to the invoice attached to Mr. Passarelli"s Declaration as neither he nor Mr. Sulentic possess proper and sufficient foundation to testify under oath (as both attempt) with respect to whether or not Mr. Clatterbuck actually did the activities billed or that the activities reflected took the time suggested. Only Clatterbuck can do so and no affidavit is provided by Mr. Clatterbuck stating that the time spent as reflected on the invoice was actually performed.

4. In addition to the above objections, Defendant does not believe that 58.9 hours at a cost of over $9,000 reflects a fair and reasonable sanction or award of fees and costs.

5. Nowhere in either the invoice or the affidavits have counsel set forth that the time spent as reflected therein was *solely* spent on resisting Defendant's Motion to Quash the Notice to take Deposition of Frank Amodeo. Defendant's Motion was sustained by this Court with respect to Matt Mokwa, and no sanction was awarded to plaintiffs. Yet in their invoices, it appears plaintiffs' counsel

bock-billed for both motions and briefing, and did not segregate any portion before submitted their invoice to the court.

6. Both Mr. Sulentic's and Mr. Passarelli's final time entries include time for attending the Court's status conference, an event which has nothing to do with the Motions to Quash at Issue. It is readily apparent through this filing that plaintiffs' counsel is attempting to foist unto the Defendant the costs of ordinary litigation events unrelated to this Court's award of sanctions.

7. Mr. Sulentic's time entries reflect substantial time was spent reviewing the document production of Defendant made on Feb. 1, 2008. Mr. Sulentic admits in his declaration that he reviewed nearly 3000 pages of documents. However, much of the pages were in response to discovery requests which had nothing to do with Mr. Amodeo's deposition or the motion to quash. It appears again from the invoice that Plaintiffs' counsel is attempting to use this sanction award to pay for other, unrelated discovery activities.

8. Although Mr. Passarelli suggests that this filing complies with NECivR. 54.4, certain time entries do not contain the specificity required by NECivR. 54.4(a), including Mr. Passarelli's time entry for 2/13/08 stating "review miscellaneous information and documentary materials." Likewise, on the same day the entry "conferences regarding same" does not satisfy the requirement of NECivR. 54.4 (a)(1)(A) which states "[f]or a conference, state who was present, what subjects were discussed, and how long it lasted." In addition, many of the invoice entries reflect "research" but to not indicate that the research performed

was incorporated into a brief, pleading, or motion as required by NECivR. 54.4(a)(1)(B).

9.  Defendant refuses to accept that a capable third-year law student would actually require 4.0 hours to proofread a 12 page brief containing only one page of law, as suggested in the 2/14/08 time entry for Mr. Clatterbuck.

10.  Finally, as set forth in the affidavit of Mooney, it took the attorneys of Gross & Welch only 16.8 hours to prepare *both* motions and brief the same. Given that there were only 22 total pages of briefing regarding these motions, 16.8 hours seems a more appropriate figure, when contrasted with the 58.9 hours suggested by Plaintiffs' counsel's evidence. Given Mr. Passarelli's suggestion in Paragraph 2 that the behavior of counsel for Defendant's has served as a barometer for plaintiffs' counsel's activities, Defendant suggests that an appropriate sanction solely for the time spent opposing the Motion to Quash of Frank Amodeo is $2,000.00

Respectfully submitted this 2nd day of April, 2008.

         WELLINGTON CAPITAL GROUP, INC.,
         Defendant

By:   */s/Robert J. Mooney*
     Michael J. Mooney, #12886
     Robert A. Mooney, #21304
     Elizabeth A. Callaghan, #22238
Of:   GROSS & WELCH, P.C., L.L.O.
     1500 Omaha Tower
     2120 South 72nd Street
     Omaha, Nebraska 68124
     Telephone: (402) 392-1500
     Facsimile: (402) 392-8101
     Email: mmooney@grosswelch.com
     Email: rmooney@grosswelch.com
     Email: ecallaghan@grosswelch.com

ATTORNEYS FOR DEFENDANT
**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 2, 2008, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which sent notification of such filing upon all parties who filed an appearance or motion by electronic filing in this case:

John P. Passarelli
James M. Sulentic
1650 Farnam Street
Omaha, NE 68102
john.passarelli@kutakrock.com
james.sulentic@kutakrock.com

/s/ Robert A. Mooney

10016-1/#559974-v1