IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL S. MAPES, et al., | ) | |
| | ) | |
| Plaintiffs | ) | 8:07CV77 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WELLINGTON CAPITAL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiffs' Application for the Award of Costs and Fees (Filing No. 55). The application is associated with the plaintiffs' successful opposition to the defendant's Motion to Quash (Filing No. 40) and this court's March 4, 2008 order granting reasonable costs and fees (Filing No. 48). The plaintiffs' filed an index of evidence (Filing No. 56) in support of the application. The defendant filed a brief (Filing No. 61) and an index of evidence (Filing No. 62) in opposition to the application.

On March 4, 2008, the court entered an order (Filing No. 48) denying, in part, the defendant's Motion to Quash (Filing No. 40). The order granted the motion with regard to Matt Mokwa. However, the order denied the defendant's motion to quash the deposition notice of Frank Amodeo. The court found the motion to quash was not substantially justified as to Mr. Amodeo. Accordingly, the court provided an award of costs and fees with regard to denying the motion to quash only the deposition notice of Frank Amodeo.[1] Notably, the plaintiffs' brief did not set forth any argument with regard to Matt Mokwa.

The plaintiffs request $9,019 for attorney fees incurred in relation to defending the defendant's motion to quash. The plaintiffs submitted two attorney affidavits in support of the fee award explaining the reasoning for the amount of the award. **See** Filing No. 56. For this matter, the plaintiffs engaged two attorneys and one law student working at the firm. The plaintiffs' legal "team" spent a combined total of 58.9 hours at rates from $65 an hour to $300 an hour.

---

[1] The court also required the defendant to make Mr. Amodeo available for deposition in Omaha, Nebraska, as a sanction. The defendant appealed that portion of the March 4, 2008 Order. **See** Filing No. 50. Chief Judge Joseph F. Bataillon has since affirmed the March 4, 2008 Order. **See** Filing No. 64.

The defendant objects to the amount requested by the plaintiffs. The defendant suggests $2,000 is an appropriate sanction under the circumstances. The defendant disputes that the time recorded by the plaintiffs' counsel was necessary for preparation of the response to the portion of the motion to quash subject to the fee award. The defendant also objects to reliance on certain paragraphs of the attached affidavits as improper, irrelevant or containing hearsay. The defendant does not dispute the hourly rates, but states its firm spent only 16.8 hours to prepare two motions with briefing. The defendant points out specific challenges to the alleged time spent by the plaintiffs' legal team. For example, the defendant disputes it would take four hours to proofread a 12 page brief containing only one page of law. Additionally, the defendant argues the amount of document review completed does not appear relevant to the motion to quash.

The court has made careful review of the plaintiffs' application. Some of the defendant's objections are well taken. It appears there are descriptions of activities which the plaintiffs' legal team would have had to undertake even without the defendant's motion to quash. Additionally, the evidence before the court does not reflect what portion of some entries may have been related to issues other than Mr. Amodeo's deposition. Although the plaintiffs did not dispute the motion to quash Mr. Mokwa's deposition notice, it is reasonable some amount of time was spent researching that issue. Therefore, based on the length and complexity of the defendant's motion to quash and the plaintiffs' response, including index of evidence, the defendant's conduct related to Mr. Amodeo's deposition, and other relevant considerations, the court finds the requested attorney's fees are not reasonable. The court has reviewed the fee application in light of the parties' arguments and finds the number of hours should be decreased by one-third, however the hourly rates are reasonable. Accordingly, the award is $6,009.00. The court finds such award is reasonable. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Application for the Award of Costs and Fees (Filing No. 55) is granted to the extent the plaintiffs' are awarded reasonable attorney's fees of $6,009.00.

     2.      The defendant shall pay reasonable attorney's fees to the plaintiffs incurred in regard to the defendant's motion to quash in the amount of $6,009.00.

     3.      The Clerk of Court shall, at the time of entry of judgment in this case, make this award a part of the judgment entered, unless before that time the parties certify that the award has been satisfied.

     DATED this 9th day of May, 2008.

                                                               BY THE COURT:

                                                               s/ Thomas D. Thalken
                                                               United States Magistrate Judge