IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING,<br><br>Plaintiffs,<br><br>v.<br><br>WELLINGTON CAPITAL GROUP, INC.,<br><br>Defendant. | Case No. 8:07-CV-77<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL** |

Defendant Wellington has moved to seal those documents offered in support of Wellington's Motion to Stay. Filing No. 78. Wellington contends the documents offered in support of Wellington's Motion to Stay Proceedings should be sealed because they "are of a highly personal, private, and sensitive nature, and speak for themselves." Wellington's argument is without merit and Wellington's Motion should be denied.

Wellington's evidence in support of its Motion to Stay Proceedings consists of affidavits from Wellington's counsel, an article dated June 11, 2008 from the Orlando Sentinel Newspaper, various petitions for guardianship, an order appointing emergency temporary guardian, and letters of emergency temporary guardianship. Wellington's documents disclose that Catherine E. Davey, Frank E. Amodeo's emergency temporary guardian, is attempting to secure Mr. Amodeo's incapacity status. Such documents are filed in the Circuit Court for Orange County, Florida, Probate Division, and there is nothing to indicate the Florida court has sealed or otherwise restricted access to the various petitions.

4829-3909-8370.1

Wellington's evidence should not be sealed as such documents are public records.  First, NECivR 7.5 requires that "[t]he party seeking to file a sealed pleading, document, or physical object must . . . state why sealing is required and whether redaction may serve to eliminate or reduce the need for sealing."  Wellington provides no valid reason for sealing such documents and makes no indication whether redaction is appropriate.

Second, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Eighth Circuit precedent indicates that in order to seal records or documents, there must be a compelling governmental interest.  *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004).  As the Court is aware, newspaper articles fall within the public records exception under Federal Rules of Evidence 803(8).  Courts have also long recognized a common-law right of access to judicial records.  *Nixon*, 435 U.S. at 597.

Wellington has failed to demonstrate a basis for sealing the already public documents offered in support of its Motion to Stay Proceedings.  The strong presumption in favor of public access to judicial records outweighs any alleged privacy concerns with respect to a newspaper article and judicial records currently considered public.  Moreover, any public record of incapacity proceedings in Florida have no direct bearing as to Mr. Amodeo's incompetency in this action.  *See Holton v. State*, – S.W.3d –, 2003 WL 24314330, at *9 (Tenn. Feb. 2, 2006) ("Although the petition made reference to mental competency hearings that are ongoing in Reid's separate post-conviction proceedings in Davidson County, Tennessee, those records are not part of this record and, in any event, do not establish a prima facie case of Reid's present incompetency in this action).

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court deny Wellington's Motion to Seal on the basis such documents are currently public documents and no basis exists for sealing such documents in this action.

Dated this 1st day of August, 2008.

        MICHAEL S. MAPES, MILTON PETERSEN IV, BRIAN LEICHNER, DAVID MOHR and DAVID STADING, Plaintiffs

By s/John P. Passarelli
   John P. Passarelli #16018
   James M. Sulentic #19610
   Kutak Rock LLP
   The Omaha Building
   1650 Farnam Street
   Omaha, NE  68102-2186
   (402) 346-6000

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

   Gross & Welch, P.C., L.L.O.
   Michael J. Mooney
   Robert A. Mooney
   Elizabeth M. Callaghan

By  s/John P. Passarelli
    John P. Passarelli

4829-3909-8370.1