### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL S. MAPES, et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | **8:07CV77** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **WELLINGTON CAPITAL GROUP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiffs' Motion for Sanctions (Filing No. 74); the defendant's Motion to Stay Proceedings (Filing No. 76); and the defendant's motions to seal (Filing No. 78 and Filing No. 89).[1]  In the plaintiffs' motion for sanctions, the plaintiffs seek additional sanctions against the defendant based on the repeated failures of the principal officer, Frank Amodeo, to appear for a deposition.  The defendant did not file a brief in response to the motion, but filed the other two motions in an attempt to stay proceedings, including the response deadlines on the motion for sanctions and a motion for summary judgment (Filing No. 71), and explain Mr. Amodeo's absence from the proceedings.  The plaintiffs oppose any stay of proceedings and oppose filing certain evidence (related to Mr. Amodeo's absence) under seal.  The motion to stay was fully briefed.  The court heard oral arguments regarding the motion to stay and the motions to seal on August 22, 2008.  Upon consideration,

   **IT IS ORDERED:**

   1.     The defendant's Motion to Stay Proceedings (Filing No. 76) is granted, in part, and denied in part.  The defendant's motion is denied with respect to the currently pending motions, as set forth below.  The defendant's motion is granted such that all proceedings will be stayed now and for a period of ninety days following a ruling on the

---

[1]As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case.  This document also contains links to the Nebraska local rules and legal citation from the federal reporters.  The hyperlinked documents appear in blue underlined text.  Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements.  The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

plaintiff's motion for summary judgment.  However, the parties may conduct additional discovery, as needed, related to the motion for summary judgment.

2.      The defendant shall have to **on or before September 8, 2008**, to file a response to the plaintiff's Motion for Sanctions (Filing No. 74).

3.      The defendant shall have to **on or before September 15, 2008**, to file a response to the plaintiff's motion for summary judgment (Filing No. 71).

4.      The defendant's motions to seal (Filing No. 78 and Filing No. 89) are granted as follows.  The motions are denied with respect to Exhibit 1(A) an OrlandoSentinel.com article.  Otherwise, the evidence contained in Filing No. 79 and Filing No. 90 are hereby placed under access restricted to court staff, counsel of record and the parties.

5.      The Clerk of Court shall attach an unsealed and unrestricted copy of Exhibit 1(A) (Filing No. 79 at p. 5-6) to Filing No. 79.

6.      The Clerk of Court shall amend the docket entries for Filing No. 79 and Filing No. 90 to change the designations from SEALED to RESTRICTED pursuant to NECivR 5.3 and court procedures.

DATED this 22nd day of August, 2008.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge